[No. S113321. July 26, 2004.]

THE PEOPLE, Plaintiff and Appellant, v.
HAROLD AUSTIN WALLACE, Defendant and Respondent.

## COUNSEL

Robert J. Kochly and Gary T. Yancey, District Attorneys, and Doug MacMaster, Deputy District Attorney, for Plaintiff and Appellant.

William D. Farber, under appointment by the Supreme Court, for Defendant and Respondent.

## OPINION

**GEORGE, C. J.**—In the present case, the trial court struck a prior-conviction allegation that was based upon defendant's negotiated plea of no contest to a charge of willful discharge of a firearm into an inhabited dwelling in violation of Penal Code section 246.[1] Despite defendant's entry of this plea to the earlier charge, his resulting admission of the factual basis for the plea, and his express acknowledgement that the plea would result in a strike for the purpose of the "Three Strikes" law, the trial court in the present case concluded that the prior-conviction allegation should be stricken pursuant to

---

[1] Statutory references are to the Penal Code unless otherwise indicated.

section 1385, primarily because the magistrate after conducting a preliminary hearing had held that there was insufficient evidence to hold defendant to answer on that charge. We conclude that the trial court abused its discretion, because it based its decision to strike the prior-conviction allegation on a factor that is extraneous to the Three Strikes law. As our conclusion is consistent with the determination of the Court of Appeal below, we affirm the judgment of that court.

# I

Defendant was charged by information in four counts. Three of the counts arose from a single incident in December 1999: murder (§§ 187, 189), active participation in a criminal street gang (§ 186.22, subd. (a)), and being a felon in possession of a firearm (§ 12021, subd. (a)(1)). The fourth count, which charged defendant with being a felon in possession of a firearm, arose out of a January 2000 incident. In that incident, officers responding to a domestic violence call were told by defendant's girlfriend that he had a gun. Defendant fled in a pickup truck and threw a handgun out of the window during the ensuing police chase. The information also alleged defendant had two prior convictions that constituted serious or violent felonies under the Three Strikes law. (§§ 667, subd. (d), 1170.12, subd. (b).)

After a jury was unable to reach a verdict, the trial court declared a mistrial. A second jury convicted defendant of the charge of being a felon in possession of a firearm, based upon the January 2000 incident, but deadlocked on the remaining counts. A mistrial was declared as to the latter charges. Defendant waived jury trial on the truth of the prior-conviction allegations and requested that the trial court exercise its discretion under section 1385 to strike one of his two prior-strike convictions in the event the trial court found the allegations to be true.

Both of the two prior convictions were for willful discharge of a firearm into an occupied vehicle or building. (§ 246.) The first was based upon an incident that occurred in March 1996. The second was based upon an incident that occurred in April 1996 and originally was charged as a murder. Defendant was 19 years of age at the time of each incident. After a preliminary hearing at which evidence was presented regarding both of these incidents, the magistrate held defendant to answer on the murder count but not on the count of willful discharge of a firearm, finding there was not sufficient cause to believe defendant guilty. (See § 871.) The prosecutor nevertheless charged both counts in a subsequent information. (See § 739.) Defendant pleaded not guilty and succeeded in persuading the trial court to set aside the willful-discharge-of-a-firearm count. (See § 995, subd. (a)(2).) Pursuant to a plea negotiation, the information was amended to reinstate the latter count and to

add an additional count of willful discharge of a firearm with respect to the April 1996 incident that originally was charged as a murder.

Defendant pleaded no contest to these two counts of willful discharge of a firearm in exchange for dismissal of the murder charge. Defendant, by initialing and signing a change-of-plea form, indicated he understood and waived his constitutional rights to a speedy trial, to confront witnesses, to remain silent, and to subpoena witnesses, acknowledged that his plea was not the result of a promise or threat, and denied that he was under the influence of drugs or alcohol. Defendant also stipulated to a factual basis for his plea, initialing the portion of the change-of-plea form indicating that he had discussed with defense counsel "the contents of the police reports" and that he was "satisfied" he was aware of the evidence against him. Defense counsel, in open court, expressly stipulated to a factual basis for the plea. Defendant stated on the record that he understood that both offenses would constitute "strikes" under the Three Strikes law in a subsequent prosecution. The trial court accepted the plea, found a factual basis for the plea, and placed defendant on formal probation for a term of five years, subject to the condition that he not possess a firearm. The court dismissed the murder count on the prosecutor's motion.

The probation officer's report prepared for the sentencing hearing in the present case reflected that the two prior convictions for willful discharge of a firearm were defendant's only adult offenses, although defendant had committed several offenses as a juvenile, including felony violations consisting of discharging a firearm in a grossly negligent manner (§ 246.3) and driving with willful disregard for the safety of persons or property while fleeing a pursuing officer (Veh. Code § 2800.2, subd. (a)), as well as misdemeanor violations consisting of resisting arrest (§ 148, subd. (a)(1)) and trespassing (§ 602, subd. (o)). The probation report quoted the investigating officer in the present case, Detective Solis, who stated his belief that defendant was a "magnet for gun-related crimes," and defendant's supervising probation officer, who believed that defendant was "an extremely dangerous person who should not be supervised on the local level." The probation officer's report recommended against reinstating defendant on probation, citing defendant's "history of weapons related crimes" and his poor performance on probation.

After finding true the prior-conviction allegations, the trial court in the present case heard argument on defendant's motion to strike the prior-conviction allegation that was based on the March 1996 incident. Defense counsel contended, in relevant part, that the trial court should take

into consideration the circumstance that with regard to the prior-strike conviction for willful discharge of a firearm occurring in March 1996, the magistrate, after conducting a preliminary hearing, had held that there was insufficient evidence to hold defendant to answer. Defense counsel urged that, as a consequence of this action by the magistrate, defendant's two prior-strike convictions were not "indicative of [defendant's] background and his record." Defense counsel also suggested in passing that there existed an insufficient factual basis for defendant's plea with respect to the March 1996 offense and that defendant entered the plea solely because of the favorable plea negotiation and his desire to be released from custody. The prosecutor responded by noting that defendant had entered his plea pursuant to a plea agreement and had been informed that he would be subject to the Three Strikes law in the event he reoffended.

After a brief discussion regarding the sentencing consequences of dismissing one of the prior-conviction strike allegations, the trial court commented: "Let's go back to the 1385 issue. [¶] But for this argument . . . I don't see any justifications for striking any of the strikes. And given the criminal record that Mr. Wallace has dating back to the time he was a juvenile continuing into adulthood, and . . . in the probation report a Detective [Solis] is quoted as saying the following about Mr. Wallace: 'He's a magnet for gun-related crimes.' And his criminal history, juvenile and adult, seems to so indicate." The trial court later added: "So I just want to pause a little bit more about your argument here relating to . . . one of the 246 counts because otherwise, quite frankly, I don't think I would be consistent with the proper exercise of my discretion to dismiss any of the strikes, and the consequence of that would be that . . . I would have to, of course, sentence Mr. Wallace to 25 to life."

After hearing further argument from counsel, the trial court noted that the magistrate at the preliminary hearing in the prior proceeding "had determined that . . . based on the evidence that she heard in the matter there was insufficient evidence to . . . even proceed with the charge against Mr. Wallace, and the Superior Court sustained the motion to dismiss and by so doing essentially confirmed as a practical matter Judge Lindenbaum's [the magistrate] appraisal of the situation." The prosecutor responded that "whether the court dismissed it or didn't dismiss it in terms of a 995 really is [moot] at this point because the fact is the information was amended, and the defendant pled no contest to it. . . . He admitted it. Now the court is going behind his plea and saying, well, we don't really think it happened . . . ." Shortly thereafter, the following exchange took place:

"The Court: Well, that it really didn't happen in a sense they're asking me to take into account with respect to that conviction that . . . a judge found there wasn't even enough evidence to charge him with that. They're asking me to take that into account in exercising my discretion pursuant to 1385.

"[The prosecutor:] I don't think that's a proper argument in asking the court to exercise discretion under 1385.

"The Court: Well, I think the court can examine whether a conviction is a *conviction in form rather than in substance*. [¶] . . . I don't mean to suggest by that that the courts could or should look into every conviction that's based upon a plea and go beyond the plea, have a hearing with respect to all these matters. But this particular case is unique. It doesn't present that type of a situation. It's not a situation where a defendant is—I don't take it to be where the defendant is arguing 'it didn't happen, give me a chance to prove it.' It's saying in exercising a 1385[,] take into account that a judge found there wasn't even evidence to charge it." (Italics added.)

The prosecutor reiterated his argument: "That is not a proper inquiry for sentencing here. He stands convicted of it. He admitted that it's true. Yes, he did fire into an occupied vehicle . . . . 'Yes, I did that. There is a factual basis for that, and yes, I plead to that, and yes, I am subject to the three-strikes law, and yes, I understand the court can sentence me to 25 to life.' And now they're coming back and saying, no none of that is true."

Nonetheless, the trial court announced: "I'm tentatively prepared to dismiss the strike allegation predicated on the conviction for 246 occurring on or about March 11th, 1996, pursuant to Penal Code section 1385 in the interest of justice, finding that for the reasons that we've been discussing here on the record, given the finding of Judge Laurel Lindenbaum in this case in connection with the preliminary hearing, that there was insufficient evidence to even charge the defendant in these matters, that the conviction which subsequently resulted—when as part of a plea negotiation Mr. Wallace pled guilty to that, that for purposes of the three-strike laws and the spirit of the three-strike laws it is really a conviction more in form than in substance."

The trial court continued: "I've taken into account . . . not only Judge Lindenbaum's—what she decided in this case, but also the fact that prior to the instant case the 246 convictions were the only . . . adult criminal convictions sustained by the defendant; and also taking into account . . . [that] although there are arrests . . . suggestive of other criminal behavior, they did not result in convictions. . . . [¶] All things considered, in the spirit of the law . . . pursuant to *People v. Williams* [(1998) 17 Cal.4th 148 [69 Cal.Rptr.2d 917, 948 P.2d 429]] and other cases, this is truly a one-strike case rather than a two-strike case."

Based upon defendant's conviction in the present case of being a felon in possession of a firearm, the trial court revoked defendant's probation with respect to his two earlier convictions for willful discharge of a firearm (§ 246) and sentenced him consecutively to a prison term of eight years eight months for these offenses, calculated as the upper term on one willful-discharge conviction (seven years) plus one-third the midterm on the other willful-discharge conviction (one year eight months). (See § 1170.1.) With respect to the present offense of being a felon in possession of a firearm, the trial court imposed a consecutive term of 16 months, calculated as one-third the midterm (eight months) doubled under the Three Strikes law (§§ 667, (e)(1), 1170.12, subd. (c)(1)), which term reflected the circumstance that the trial court pursuant to section 1385 had dismissed one of the section 246 prior-conviction strike allegations. The prison term imposed upon revocation of defendant's probation in the two earlier cases plus the sentence in the current offense totalled 10 years.

After the trial court's imposition of defendant's sentence, the prosecutor objected to defendant's sentence "for the record" and suggested that the trial court had "allowed [defendant] to back out of the deal he made previously . . . ." The following exchange later occurred:

"[The prosecutor:] [W]hat I object to is the court looks at the strength or proof put forward on the charge that the defendant admitted was true . . . . The defendant says, 'yes, it's true. I have committed a violation of section 246.' And the court looks at it and says, 'well, it doesn't look like you really did it, looks like it's more form than substance here; thus I am not going to hold you to it.' And that really is where the strength of the 1385 argument came into play today. And . . . had they not made that argument, I don't think the court would have found the defendant does not fall within the spirit of the three-strikes law. And I wanted to have that clear for the record. And I want the court to agree with that assessment.

"The Court: I have stated as much. I stated except for the unique circumstances of this case which lead me to conclude that for purposes of the spirit of the three-strike laws that conviction was more in form than in substance. Except for that, I would not have dismissed."

The trial court later clarified: "I should say that I said a little bit earlier that but for this fact of what happened here, of the count having been dismissed because of a specific finding by a judge of insufficient evidence, that . . . I would not have stricken any of the strikes. [¶] On the other hand, I should make clear that Judge Lindenbaum's finding in here is not the only thing that I'm looking at in connection with [striking] a strike. There are other things that supplement that, none of which in and of themselves would have been enough . . . ."

On appeal, the district attorney contended that because defendant's plea of no contest admitted the factual bases for both prior offenses, the trial court, in deciding whether to strike a conviction for purposes of sentencing, could not properly consider the magistrate's refusal to hold defendant to answer on the charge of willful discharge of a firearm that was based upon the March 1996 incident. The Court of Appeal agreed, reversed the order striking the prior-conviction allegation, and remanded the case for further proceedings, reasoning: "Once Wallace entered his no contest plea, the elements of the offense and the sufficiency of the evidence supporting that offense were established. [Citation.] Reliance by the trial court on the preplea rulings of the magistrate and the superior court concerning the sufficiency of the evidence presented at the preliminary hearing was error and constituted an abuse of discretion. Although there are many factors that may be considered by the trial court in the exercise of its broad discretion to strike, this was not one of them." Defendant petitioned for review, contending that the magistrate's conclusion after conducting a preliminary hearing that there was insufficient evidence to hold defendant to answer constituted a proper basis for the trial court's exercise of discretion under section 1385 to strike the ensuing prior conviction. We granted defendant's petition for review.

## II

This court emphasized in *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628] that a "court's discretion to strike prior felony conviction allegations in furtherance of justice is limited" and that exercise of such discretion requires "strict compliance with section 1385[, subdivision] (a), and is subject to review for abuse." (*Id.* at p. 530.) We explained that the trial court must give " ' "consideration both [to] the constitutional rights of the defendant and *the interests of society represented by the People* in determining whether there should be a dismissal . . . ." ' " (*Ibid.*) We gave as examples of abuse of discretion the striking of a prior conviction "solely 'to accommodate judicial convenience or because of court congestion,' " or "simply because a defendant pleads guilty," or due to " 'personal antipathy for the effect that the three strikes law would have on [a] defendant,' while ignoring 'defendant's background,' 'the nature of his present offenses,' and other 'individualized considerations.' " (*Id.* at p. 531.)

We clarified in *People v. Williams, supra,* 17 Cal.4th 148 (*Williams*) that the decision whether to strike a prior-conviction allegation under the Three Strikes law requires the trial court to look "within the scheme in question, as informed by generally applicable sentencing principles . . . ." (*Williams, supra,* 17 Cal.4th at p. 160.) We explained that "no weight whatsoever may be given to factors extrinsic to the [Three Strikes] scheme" and that "the court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony

convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Id.* at p. 161.)

We also have emphasized that the decision before a court under this statutory scheme relates to *sentencing* but does not affect the *validity* of the prior conviction. (*People v. Garcia* (1999) 20 Cal.4th 490, 499 [85 Cal.Rptr.2d 280, 976 P.2d 831].) A defendant's sentence "is the overarching consideration because the underlying purpose of striking prior conviction allegations is the avoidance of unjust sentences." (*Id.* at p. 500.)

The narrow inquiry we face in the present case is whether the circumstance that a prior-strike-conviction allegation is based on a charge, as to which a magistrate previously held there was insufficient evidence to hold the defendant to answer, constitutes a proper consideration for a trial court engaged in determining whether the defendant falls outside the spirit of the Three Strikes law for purposes of striking the prior-conviction allegation that is, whether this circumstance sheds light upon "the nature and circumstances of [a] defendant's . . . prior serious and/or violent felony convictions" or "the particulars of [a defendant's] background, character, and prospects . . . ." (*Williams, supra,* 17 Cal.4th at p. 161.) Defendant contends that the magistrate's ruling was part of the "record of conviction" of the prior case and constituted a factor relevant to the circumstances of that offense.

▉ As we shall explain, the circumstance that a magistrate declined to hold defendant to answer on a charge that subsequently was refiled, and as to which defendant subsequently pleaded no contest, has no bearing on either the nature of defendant's prior offenses or his background and character as they relate to the Three Strikes law. Thus, the trial court abused its discretion when it relied on this consideration as a primary basis for striking the prior-conviction allegation in the present case.

Statements made by the trial court suggest that it found that the magistrate's ruling established there was insufficient evidence to prove defendant's commission of the March 1996 offense to which he pleaded no contest. The trial court emphasized that, although courts generally should not "look into every conviction that's based upon a plea and go beyond the plea," the situation here was "unique" because the magistrate's ruling reflected that defendant's prior conviction was "really a conviction more in form than in substance" as "part of a plea negotiation . . . ." In this context, the trial court apparently came to this conclusion because of its belief that the magistrate's

ruling demonstrated that defendant entered a no contest plea to a charged offense that he had not actually committed.

█ It is apparent that the trial court granted the motion to dismiss on the basis of a misapprehension concerning the limited function performed by a magistrate. When a magistrate declines to hold a defendant to answer on the ground that the evidence at the preliminary hearing did not establish probable cause to believe the defendant committed the charged offense, the ruling does not bar future prosecution. (*People v. Uhlemann* (1973) 9 Cal.3d 662, 667–668 [108 Cal.Rptr. 657, 511 P.2d 609].) The magistrate lacks authority to determine the guilt or innocence of the defendant. The prosecution may file another complaint charging the same offense or may file an information charging the same offense in the trial court. (*Id.* at p. 666; see also §§ 871.5, 999.) We have explained that the preliminary hearing "is not a trial, and if the magistrate forms a personal opinion regarding the guilt or innocence of the accused, that opinion is of no legal significance whatever in view of the limited nature of the proceedings." (*People v. Uhlemann, supra,* 9 Cal.3d at p. 667; see also *Cooley v. Superior Court* (2002) 29 Cal.4th 228, 251 [127 Cal.Rptr.2d 177, 57 P.3d 654].) "[T]he doctrines of res judicata or collateral estoppel are inapplicable to orders dismissing criminal proceedings following preliminary hearings." (*People v. Uhlemann, supra,* 9 Cal.3d at pp. 667–668.)

█ A deficiency of proof at a preliminary hearing frequently reflects a temporary state of affairs. The prosecution may discover and proffer additional proof by the time a second preliminary hearing is held or by the time the case proceeds to trial. The defendant's culpability may be established through the introduction of evidence at trial or, alternatively, by the defendant's plea of guilty or no contest. Such a plea ordinarily includes an admission that there is a factual basis for the plea, and when the plea represents a negotiated disposition—as it did in the present case—the court must satisfy itself that a factual basis for the plea exists. (See § 1192.5; *People v. Holmes* (2004) 32 Cal.4th 432, 438 [9 Cal.Rptr.3d 678, 84 P.3d 366]; *People v. Hoffard* (1995) 10 Cal.4th 1170, 1181 [43 Cal.Rptr.2d 827, 899 P.2d 896].)

█ Under the circumstances, the statement of the trial court in the present case that defendant's prior conviction was a "conviction in form rather than in substance" was contrary to established law. Defendant pleaded no contest to the prior charges of willful firearm-discharge. "The legal effect of such a plea, to a crime punishable as a felony, shall be the same as that of a plea of guilty for all purposes." (§ 1016, subd. 3.) A guilty plea "admits every element of the crime charged" (*People v. Thomas* (1986) 41 Cal.3d 837, 844, fn. 6 [226 Cal.Rptr. 107, 718 P.2d 94]) and "is the 'legal equivalent' of a 'verdict' [citation] and is 'tantamount' to a 'finding' [citations]" (*People v. Statum* (2002) 28 Cal.4th 682, 688, fn. 2 [122 Cal.Rptr.2d 572, 50 P.3d 355]).

By contrast, as we already have noted, any determination by the magistrate that the evidence at the preliminary hearing did not establish probable cause to believe defendant guilty is *not* a binding determination reflecting on defendant's guilt or innocence.

■ Further, defendant stipulated to the existence of a factual basis for his plea by initialing the portions of the change-of-plea form indicating that he had discussed with defense counsel "the contents of the police reports" and was "satisfied" he was aware of the evidence against him. Defendant could not have appealed from his ensuing conviction on the basis of insufficiency of the evidence. (*People v. Stanworth* (1974) 11 Cal.3d 588, 604–605 [114 Cal.Rptr. 250, 522 P.2d 1058], disapproved on other grounds in *People v. Martinez* (1999) 20 Cal.4th 225, 237 [83 Cal.Rptr.2d 533, 973 P.2d 512].) Indeed, defendant specifically acknowledged on the record during his no contest plea that he understood his offenses would constitute strikes under the Three Strikes law in any subsequent prosecution. In light of defendant's express stipulation as to the factual basis of his plea and his acknowledgment that his offenses constituted strikes, the trial court was not free to look beyond defendant's no contest plea, which was " 'tantamount' to a 'finding' " of culpability for the prior offense (*People v. Statum, supra,* 28 Cal.4th at p. 688, fn. 2), nor could the trial court properly give dispositive weight to the magistrate's evaluation of the evidence at some earlier period in the prior proceeding.

■ In addition, we believe that by relying upon the magistrate's ruling, the trial court not only misapprehended the limited function played by the magistrate at a preliminary hearing, but also failed to give due consideration to the nature of the plea negotiation process. A defendant who enters into a negotiated disposition gains benefits that, assuming the plea meets various requirements, bar him or her from asserting at a later date that there was insufficient evidence of guilt to support the plea and the ensuing conviction. (See *In re Troy Z.* (1992) 3 Cal.4th 1170, 1180–1181 [13 Cal.Rptr.2d 724, 840 P.2d 266].) In *Brady v. United States* (1970) 397 U.S. 742 [25 L.Ed.2d 747, 90 S.Ct. 1463], the United States Supreme Court described the benefits to the parties of plea negotiation: "For a defendant who sees slight possibility of acquittal, the advantages of pleading guilty and limiting the probable penalty are obvious—his exposure is reduced, the correctional processes can begin immediately, and the practical burdens of a trial are eliminated. For the State there are also advantages—the more promptly imposed punishment after an admission of guilt may more effectively attain the objectives of punishment; and with the avoidance of trial, scarce judicial and prosecutorial resources are conserved for those cases in which there is a substantial issue of the defendant's guilt or in which there is

substantial doubt that the State can sustain its burden of proof." (*Id.* at p. 752, footnote omitted; see *People v. Orin* (1975) 13 Cal.3d 937, 942–943 [120 Cal.Rptr. 65, 533 P.2d 193].) It is evident that both parties may reap benefits from a negotiated disposition; to permit a defendant to seek at a hearing under section 1385 to avoid some of the consequences of the plea, while holding the prosecution to the negotiated disposition, would not be consistent with our directive that the court also consider " ' "the interests of society represented by the People in determining whether there should be a dismissal." ' " (*People v. Superior Court (Romero)*, *supra*, 13 Cal.4th at p. 530, italics omitted.)

Although the magistrate found insufficient evidence to hold defendant to answer on the charge of willful discharge of a firearm based upon the March 1996 incident (an offense for which defendant later entered his no contest plea), this circumstance alone does not suggest that defendant fell outside the spirit of the Three Strikes scheme. Defendant pleaded no contest to that charge in order to avoid a trial on the more serious offense of murder, a charge concerning which there was no question regarding the sufficiency of the prosecution's evidence at the preliminary hearing. In dismissing the prior-conviction allegation based upon an assumption that the magistrate's earlier ruling established that defendant did not actually commit that prior offense, the trial court failed adequately to take into account the totality of the circumstances surrounding defendant's prior plea and the manner in which defendant came to be convicted of that offense.

Defendant urges that the magistrate's earlier ruling was part of the "record of conviction" of the prior offense, and thus constituted a relevant consideration for the trial court in determining whether to dismiss the prior-strike-conviction allegation. For the reasons discussed above, however, the circumstance that the earlier ruling was part of the record did not render that ruling relevant for purposes of a motion under section 1385 to dismiss the allegation.

In support of his position that the magistrate's failure to hold defendant to answer was a relevant consideration under section 1385, defendant cites *Specht v. Patterson* (1967) 386 U.S. 605 [18 L.Ed.2d 326, 87 S.Ct. 1209] (*Specht*) and *Gill v. Ayers* (9th Cir. 2003) 342 F.3d 911 (*Gill*). In *Specht*, the defendant was convicted of "indecent liberties" in violation of a Colorado statute that provided for a maximum prison sentence of 10 years. Despite the determinate term prescribed for the charged offense, the defendant was

sentenced to an indeterminate term under the Colorado Sex Offenders Act, which allowed such sentencing if the trial court found, in reliance upon a report prepared by a court-appointed psychiatrist, that the defendant constituted a threat of harm to the public or was a " 'habitual offender and mentally ill.' " (*Specht, supra,* 386 U.S. at p. 607.) Observing that the hearing was not an ordinary sentencing hearing but essentially involved trial of a new charge, the United States Supreme Court found that the procedure permitting imposition of a sentence in excess of the maximum for the charged offense violated due process principles. As the high court declared, "the invocation of the Sex Offenders Act means the making of a new charge leading to criminal punishment" was involved, requiring " 'reasonable notice and an opportunity to be heard.' " (*Id.* at p. 610.)

In *Gill,* the prosecution alleged that the defendant's prior conviction for assault with a deadly weapon (§ 245, subd. (a)(1)) constituted a strike. Assault with a deadly weapon would qualify as a strike only if the defendant personally inflicted great bodily injury. (See §§ 667, subd. (d)(1), 1170.12, subd. (b)(1), 1192.7, subd. (c)(8).) A court trial was held on the strike allegation, focusing specifically on the issue whether the defendant personally inflicted great bodily injury. The trial court found the strike allegation to be true, concluding that the defendant personally inflicted great bodily injury, based upon his statements to the probation officer as reflected in the probation report. The defendant sought an opportunity to testify at the court trial in order to explain his prior statements and to deny that he personally inflicted great bodily injury, but the trial court denied the request. The Ninth Circuit, relying upon *Specht,* concluded that the denial of the opportunity to testify at the trial of the strike allegation violated due process principles. (*Gill, supra,* 342 F.3d at pp. 917–921.)

The cited cases did not consider what types of evidence may be considered by the trial court in connection with a motion to strike an otherwise valid prior-conviction allegation, a question here at issue. These cases are of no assistance to defendant, even assuming they would apply to a sentencing hearing where the court is considering whether to exercise its sentencing discretion to strike a prior-conviction allegation under section 1385. Defendant in the present case did not request the opportunity to testify or present evidence, and the trial court did not hear any testimony or otherwise take any evidence. Defendant also did not claim that he lacked notice of the strike allegations. Indeed, defendant in the present case, unlike the defendant in *Gill,* at no time claimed that his prior convictions did not constitute strikes, because the willful discharge of a firearm is an enumerated serious felony. (§ 1192.7, subd. (c)(33).)

Defendant argues that the trial court's order striking one of his prior convictions for purposes of sentencing under the Three Strikes law was

supported by factors other than the circumstance that the magistrate had declined to hold defendant to answer on the underlying charge. Defendant asserts that the trial court based its decision in part on other factors, such as defendant's youth, his lack of adult prior convictions (other than his strike convictions) and lack of prison terms, and his "current nonviolent crime," as well as the length of the prison sentence (10 years) that the trial court was imposing. It is evident from the record, however, as the Court of Appeal determined, that the trial court gave dispositive weight to the magistrate's ruling. Before striking one of the two prior-conviction allegations, the trial court made reference to defense counsel's assertion that the magistrate's ruling demonstrated that defendant's two prior-strike convictions were not "indicative of [defendant's] background and his record," and observed that "[b]ut for this argument . . . I don't see any justifications for striking any of the strikes" and that "otherwise, quite frankly, I don't think I would be consistent with the proper exercise of my discretion to dismiss any of the strikes . . . ." After striking one prior-conviction allegation, the trial court reiterated at the prosecutor's request that "except for the unique circumstances of this case which lead me to conclude that for purposes of the spirit of the three-strike laws that conviction was more in form than in substance . . . I would not have dismissed" and "but for this fact of what happened here, of the count having been dismissed because of a specific finding by a judge of insufficient evidence . . . I would not have stricken any of the strikes." In relying upon this factor, the trial court abused its discretion, as we have shown.[2]

██ Defendant is free to contend on remand that *other* factors take him outside the spirit of the Three Strikes scheme and warrant striking the prior-conviction allegations pursuant to section 1385. Under *Williams* (*Williams, supra*, 17 Cal.4th at p. 161), such factors may include, but are not limited to, those noted by defendant above, as well as the "nature and circumstances" of his past and present convictions suggesting that the offenses were mitigated either in the manner of their commission (for example, an offense was committed in a less serious or violent manner than would normally be expected of such a crime) or in the level of defendant's

---

[2] Defendant suggests in passing that the trial court, in the exercise of its discretion under section 1385, properly may consider the evidence adduced at the preliminary hearing in the prior case. The record does not suggest that the trial court considered such evidence in striking one of defendant's prior convictions in the present case, but rather considered only the fact of the magistrate's ruling declining to hold defendant to answer. Accordingly, we need not comment upon the propriety of a trial court considering the evidence presented at the preliminary hearing.

participation (for example, defendant played a subordinate role in the commission of the offense).[3]

In sum, the circumstance that a magistrate previously declined to hold defendant to answer on a charge after conducting a preliminary hearing was not a proper consideration in determining whether defendant fell outside the spirit of the Three Strikes scheme and did not provide a proper basis for dismissing a prior-strike-conviction allegation. The magistrate's ruling did not illuminate the circumstances surrounding the commission of the prior offense, nor was it relevant in evaluating defendant's "background, character, and prospects . . . ." (*Williams, supra,* 17 Cal.4th at p. 161.) By giving dispositive weight to the magistrate's ruling, the trial court failed to take into account the limited function of the magistrate, as well as the nature of the plea negotiation process and the totality of the circumstances surrounding defendant's prior plea.

## III

The judgment of the Court of Appeal is affirmed.

Kennard, J., Baxter, J., Werdegar, J., Chin, J., Brown, J., and Moreno, J., concurred.

**MORENO, J.,** Concurring.—I concur in the opinion as narrowly written. As the majority states, it does not decide the issue of whether "the trial court, in the exercise of its discretion under [Penal Code] section 1385, properly may consider the evidence adduced at the preliminary hearing in the prior case. The record does not suggest that the trial court considered such evidence in striking one of defendant's prior convictions in the present case, but rather considered only the *fact of the magistrate's ruling* declining to hold defendant to answer. Accordingly, we need not comment upon the propriety of a

---

[3] We have no occasion to determine in this case whether a trial court properly may strike a prior-conviction allegation in furtherance of justice under section 1385 based upon proof of factual innocence of the prior offense, and if so, what types of evidence the court may consider for this purpose. As the record reflects, defendant did not expressly argue that the trial court should strike a prior-conviction allegation in furtherance of justice because he was factually innocent of a prior offense, nor did he attempt to present evidence of his factual innocence of the prior offense. The trial court recognized that defendant *was not making such an argument,* commenting: "It's not a situation where a defendant is—I don't take it to be where the defendant is arguing 'it didn't happen, give me a chance to prove it.' It's saying in exercising a 1385[,] take into account that a judge found there wasn't even evidence to charge it." Although defense counsel suggested in passing that defendant entered his previous no contest plea solely because of a favorable plea negotiation and his desire to be released from custody, "[i]t is axiomatic that the unsworn statements of counsel are not evidence." (*In re Zeth S.* (2003) 31 Cal.4th 396, 414, fn. 11 [2 Cal.Rptr.3d 683, 73 P.3d 541].)

trial court considering the evidence presented at the preliminary hearing." (Maj. opn., *ante*, at p. 753, fn. 2, italics added.)

I agree that the mere facts that the magistrate declined to hold defendant to answer in one of the prior convictions to which defendant eventually pleaded guilty, and that the trial court set aside the charge pursuant to Penal Code section 995, subdivision (a)(2), do not by themselves justify the dismissal of the strike under Penal Code section 1385. But in my view nothing forbids a court from considering the insufficiency of the underlying evidence to determine whether the magistrate and the trial court were correct in their rulings, and in then dismissing a strike on that basis.

As we stated in *People v. Williams* (1998) 17 Cal.4th 148, 161 [69 Cal.Rptr.2d 917, 948 P.2d 429]: "[I]n ruling whether to strike or vacate a prior serious and/or violent felony conviction allegation or finding under the Three Strikes law, on its own motion, 'in furtherance of justice' pursuant to Penal Code section 1385(a), or in reviewing such a ruling, the court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." The fact that there was insufficient evidence to hold defendant to answer on one of the prior felony convictions is a relevant "circumstance of [a] defendant's . . . prior serious and/or violent felony convictions." (*Ibid.*) If there is indeed insufficient evidence as to one of the convictions to which a defendant pleaded guilty, that fact may well enter into the trial court's assessment of defendant's threat as a recidivist, and therefore whether the imposition of the permitted punishment under the "Three Strikes" law really serves the purpose of that law.

Such an examination of the evidence of the underlying offense is not an impermissible collateral attack on a plea agreement, because the plea, and the conviction, are unaffected by the trial court's decision. (See *People v. Garcia* (1999) 20 Cal.4th 490, 499 [85 Cal.Rptr.2d 280, 976 P.2d 831].) Nor would a trial court considering such evidence be acting from considerations identified as improper in *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 531 [53 Cal.Rptr.2d 789, 917 P.2d 628], i.e., "solely 'to accommodate judicial convenience or because of court congestion.' . . . [or] if 'guided solely by a personal antipathy for the effect that the three strikes law would have on [a] defendant,' while ignoring 'defendant's background,' 'the nature of his present offenses,' and other 'individualized considerations.' "

In short, the fact that there was insufficient evidence to hold a defendant to answer for an offense to which he eventually pleaded guilty has bearing on whether the defendant is in whole or in part outside the spirit of the Three Strikes law. A trial court should be able to consider this fact in determining whether to dismiss a strike under section 1385.