Filed 10/28/15  P. v. Lambesis CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TIMOTHY LAMBESIS,<br><br>    Defendant and Appellant. | D066416<br><br><br><br>(Super. Ct. No. SCN318782) |


APPEAL from an order of the Superior Court of San Diego County, Carlos O. Armour, Judge.  Affirmed.


Joshua H. Schraer; George Schraer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal, Collette C. Cavalier and Daniel Hilton, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

In this appeal, we are asked to consider what defendant and appellant Timothy Lambesis describes as "an issue of first impression concerning [custody] credits for time served" — namely, whether the trial court erred in refusing to award him presentence custody credits for the almost one year during which he purportedly was released on bail, the conditions of which he tells us included a form of home detention and surveillance under a global positioning system (GPS) monitored by a bail bonds company. Determination of this issue requires, at a minimum, application of the facts surrounding the terms and conditions of Lambesis's bail to the legal standards set forth in Penal Code sections 2900.5 (which deals with credits for presentence time in custody, including home detention) and 1203.018 (which deals with an electronic monitoring program for inmates held in lieu of bail).[1]

However, the record on appeal does not contain *evidence* of *any* of the factual predicates necessary to rule on the merits of Lambesis's arguments on appeal. As we will explain, by failing to provide us with a record containing *evidence*, as opposed to counsel's arguments from the trial court proceedings, Lambesis has failed to provide a suitable record for appellate review. Accordingly, we are constrained to reject

---

[1]     Further undesignated statutory references are to the Penal Code.

Lambesis's arguments and to affirm the order denying the postjudgment motion for presentence custody credits.[2]

## STATEMENT OF THE CASE[3]

On February 25, 2014, Lambesis pleaded guilty to one count of solicitation of murder.  (§ 653f, subd. (b).)  On May 16, 2014, the trial court sentenced him to six years in prison with credit of 48 days for time spent in custody, plus certain fines and assessments.

Four days later, Lambesis filed a motion seeking "presentence custody credits for time spent on house arrest while the case was pending."  In support of the motion, Lambesis submitted three pages of points and authorities and an exhibit.  Lambesis relied on sections 2900.5 and 1203.018 and a one-page letter over the signature of Erika

---

[2]    Government Code section 68081 precludes an appellate court from deciding an appeal "based upon an issue which was not proposed or briefed by any party to the proceeding" without first "afford[ing] the parties an opportunity to present their views on the matter through supplemental briefing."  Although the parties' briefs in this appeal do not address the adequacy of the record, we may decide the issue without requesting further briefing.  (*People v. Neilson* (2007) 154 Cal.App.4th 1529, 1532-1534 (*Neilson*).)  Since providing an adequate record on appeal is "a procedural and substantive requirement on the part of any party . . . asserting a position on appeal," section 68081 does not require supplemental briefing on the issue whether the party provided an adequate record.  (*Neilson*, at p. 1534.)  That is because " '[t]he purpose behind section 68081 is to prevent decisions based on issues on which the parties have had no *opportunity* for input' "; yet, by having had the opportunity to provide a record on appeal, the parties already have had the opportunity for input into its contents (*Neilson*, at p. 1533), from which we can determine its adequacy.

[3]    Our recitation of the facts and procedural posture is necessarily limited to what is contained in the 16 pages of clerk's transcript and eight pages of reporter's transcript.  (*Neilson*, *supra*, 154 Cal.App.4th at p. 1534 ["appellate court's review is limited to consideration of the matters contained in the appellate record"].)

Struzzieri, branch manager of All Pro Bail Bonds in downtown San Diego (exhibit A).[4]

Lambesis argued that because he was ordered to wear an electronic surveillance device and be on "house arrest" *while out on bail*, he was really *in custody* for purposes of section 2900.5 and thus entitled to credit. Lambesis did not present any evidence in support of his motion; indeed, even exhibit A is merely attached to the points and authorities without any foundation or authentication.

In early July 2014, the People filed four pages of written opposition to the motion. The People's opposition describes in more detail the terms and conditions of Lambesis's purported release on bail, including what the district attorney represents to be quotations from and citations to a reporter's transcript from Lambesis's arraignment. Applying the facts associated with the statements in the reporter's transcript to sections 2900.5 and 1203.018, the People argued that because Lambesis's electronic surveillance was not part

---

4      Section 2900.5, subdivision (a) requires the trial court to award presentence custody credits for "days served in home detention pursuant to Section 1203.018."

Section 1203.018, subdivision (a) authorizes counties to offer electronic monitoring for inmates held in lieu of bail in county jail.

Exhibit A provides in full: "May 14, 2014 [¶] To whom it may concern, [¶] I am writing to confirm that on May 30, 2014 I personally installed and activated an electronic ankle monitor on Timothy Lambesis. I installed the monitor during a professional visit at the Vista Detention Facility before his release from custody, a Sheriff Deputy was present in the room during the install. [¶] Mr. Lambesis is only authorized to go to doctor appointments, court and lawyer visits, he has been compliant on the program and has had no violations. [¶] Feel free to call me at 619-[phone number] should you require further assistance."

4

of a program authorized by section 1203.018,[5] Lambesis did not qualify for custody credits under section 2900.5 for the time he was on home detention. (§ 2900.5, subd. (a).) Like Lambesis, however, the People did not include in the record on appeal any *evidence* in support of the People's position. Despite having quoted from and cited to a reporter's transcript allegedly from Lambesis's arraignment, the transcript is not in the record on appeal. Indeed, there is no indication in the record that the People even submitted the transcript to the trial court.

Later in July 2014, following oral argument, the court denied Lambesis's motion. In relevant part, the court ruled that, because Lambesis was *on bail* and being monitored *by a private individual* — whereas the electronic monitoring authorized by section 1203.018 is available "only . . . to inmates being held in lieu of bail" (*id.*, subd. (a)) and must be monitored by an appropriate "correctional administrator" as defined in and required throughout section 1203.018 — he was not entitled to presentence custody credits for the time he was *out on bail* and being monitored for home detention by *the bail bonds company*.

Lambesis timely appealed.

## DISCUSSION

On appeal, Lambesis repeats the same arguments that he presented to the trial court — namely, those related to sections 2900.5 and 1203.018. In addition, he argues a

---

5    In particular, the People emphasized that Lambesis's electronic surveillance was not offered — and thus not monitored — by a county "correctional administrator" as expressly required under, and as that term is defined in, section 1203.018.

violation of the equal protection clause of the Fourteenth Amendment of the United States Constitution. According to Lambesis, the equal protection violation is that he — a person who is on bail and being monitored for home detention by a private business — is inequitably denied presentence custody credits, whereas a person who is not on bail and being monitored for home detention by a statutorily defined county official ("correctional administrator") is entitled to such credits.

The problem with Lambesis's presentation is that in order for us to reach the merits of his arguments without any evidence in the record on appeal, we must assume certain facts about Lambesis's alleged "custodial status" — namely, what Lambesis describes as having been "released on bail, placed on house arrest, and monitored through electronic GPS surveillance" by the bail bonds company. This approach violates a basic principle of appellate review "that it is the burden of the appellant to provide an adequate record to permit review of a claimed error, and failure to do so may be deemed a waiver of the issue on appeal." (*People v. Akins* (2005) 128 Cal.App.4th 1376, 1385 (*Akins*); see *Neilson*, *supra*, 154 Cal.App.4th at p. 1534 ["appellant has the burden of furnishing an appellate court with a record sufficient to consider the issues on appeal"].) This principle is based on " '[p]erhaps the most fundamental rule of appellate law[:] . . . the [order] challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error.' " (*People v. Cardenas* (2015) 239 Cal.App.4th 220, 227; *Neilson*, at p. 1534 [same].)

Here, the record on appeal contains *no evidence whatsoever* concerning any of the facts on which Lambesis relies to establish his presentence custodial status.[6] Although both parties' briefs contain counsel's representations regarding the status and conditions of Lambesis's bail (including details of his house arrest and electronic monitoring, compared with monitoring by a statutorily authorized county "correctional administrator"), "[m]atters not presented by the record cannot be considered on the suggestion of counsel in the briefs." (*People v. Gardner* (1969) 71 Cal.2d 843, 849; see *In re Zeth S.* (2003) 31 Cal.4th 396, 413, fn. 11 [counsel's statements in brief to court are not evidence]; *People v. Wallace* (2004) 33 Cal.4th 738, 754, fn. 3 [defense counsel's explanation of events surrounding defendant's plea not evidence].)

On this record, therefore, we are unable to determine whether the trial court erred. By failing to provide an adequate record, Lambesis forfeited appellate review — on both substantive and equal protection grounds[7] — of the order denying Lambesis's motion for

_____

[6]  The clerk's 16-page transcript consists of:  court minutes from Lambesis's sentencing hearing (May 2014); Lambesis's postjudgment motion for presentence custody credits (May 2014); the People's opposition to the motion (July 2014); court minutes from the postjudgment motion hearing (July 2014); a postmotion abstract of judgment (July 2014); Lambesis's notice of appeal (Aug. 2014); and a notice of filing of the appeal (Aug. 2014).  The reporter's eight-page transcript consists of a record of the oral proceedings from the July 18, 2014 hearing on Lambesis's postjudgment motion.

[7]  We acknowledge that, under appropriate circumstances, a criminal defendant may raise a constitutional argument for the first time on appeal.  (See *People v. Boyer* (2006) 38 Cal.4th 412, 441, fn. 17.)  However, where the argument requires consideration of facts that were not before the appellate court, the defendant's new constitutional argument is forfeited on appeal.  (*Ibid.*)  Here, *evidence* of the details of Lambesis's custodial status is necessary before any court can determine the issue of equal protection in the first instance.

presentence custody credits.  (*Akins*, *supra*, 128 Cal.App.4th at p. 1385; see *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296 ["Because they failed to furnish an adequate record of the [trial court] proceedings, defendants' claim must be resolved against them."].)

DISPOSITION

The July 18, 2014 order denying Lambesis's motion for presentence custody credits is affirmed.

IRION, J.

WE CONCUR:

AARON, Acting P.J.

PRAGER, J.*

---

*      Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.