Filed 4/22/21  P. v. Perez CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B308674 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A475479) |
| v. | |
| JOSE LUIS PEREZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, John A. Torribio, Judge.  Reversed.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Thomas C. Hsieh, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Penal Code[1] section 1170.95 permits resentencing of petitioners who could no longer be convicted of murder because of changes to sections 188 and 189 that became effective January 1, 2019. The changes to sections 188 and 189 have no impact on a defendant who was convicted as the actual killer. As *People v. Nash* explained: "The Legislature declared . . . that it was necessary to 'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person *who is not the actual killer*, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Nash* (2020) 52 Cal.App.5th 1041, 1055, italics added.)

The trial court denied petitioner Jose Luis Perez's section 1170.95 petition for resentencing at the prima facie stage. The trial court concluded that Perez was ineligible for resentencing because he was the actual killer. We reverse the order because the record of conviction does not establish as a matter of law that Perez was the actual killer. We remand the case to the trial court to issue an order to show cause and hold a section 1170.95, subdivision (d)(3) hearing.

## BACKGROUND

### 1. *Felony Complaint, Conviction, and Sentence*

In a felony complaint, the People charged Perez in count 1 as follows: "On or about August 2, 1987, in the County of Los Angeles, the crime of MURDER, in violation of PENAL CODE SECTION 187(a), a Felony, was committed by JOSE LUIS

---

[1] Undesignated statutory citations are to the Penal Code.

PEREZ, who did willfully, unlawfully, and with malice aforethought murder CLARENCE MUNOZ, a human being."

With respect to count 1, the People further alleged that Perez "personally used a firearm(s) within the meaning of Penal Code Sections 1203.06(a)(1) and 12022.5 . . . ."

The People also alleged that "in the commission and attempted commission of the above offense a principal in said offense was armed with a firearm(s), to wit, a handgun, said arming not being an element of the above offense, within the meaning of Penal Code Section 12022(a)."

In counts 2 through 4, the People alleged that Perez committed three counts of attempted murder. With respect to each attempted murder, the People alleged that Perez personally used a firearm within the meaning of sections 1203.06, subdivision (a)(1) and 12022.5 and that a principal was armed with a firearm.

Perez pleaded guilty to count 1. During the plea colloquy, the prosecutor asked Perez as follows: "[T]o the charge in Count I . . . of the Complaint that on or about August 2, 1987, in the County of Los Angeles you committed the crime of murder in violation of Penal Code Section 187(a), a felony, in the second degree, how do you plead?" Perez responded, "Guilty." Perez admitted that he personally used a firearm within the meaning of section 12022.5.[2] The prosecutor asked defense counsel if he

---

[2] When Perez committed his crime, section 12022.5 provided in pertinent part: "Any person who personally uses a firearm in the commission or attempted commission of a felony shall, upon conviction of such felony or attempted felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished by an additional term of imprisonment in the state

3

would stipulate to a factual basis for the plea. Defense counsel responded: "After the consultation, the police reports, and the conduction of the inquiry that I've made, I do."

On a motion of the People, the trial court subsequently dismissed the three counts of attempted murder. The trial court sentenced Perez to 15 years to life and stayed a two-year sentence on the firearm enhancement.

## 2. *Petition for Resentencing*

In February 2019, Perez filed a form petition for resentencing. He checked boxes containing the following information: (1) "A complaint, information, or indictment was filed against me that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine." (2) "I pled guilty or no contest to 1st or 2nd degree murder in lieu of going to trial because I believed I could have been convicted of 1st or 2nd degree murder at trial pursuant to the felony murder rule or the natural and probable consequences doctrine." (3) I could not now be convicted of 1st or 2nd degree murder because of changes made to the Penal Code §§ 188 and 189, effective January 1, 2019." Perez requested that the trial court appoint counsel for him. The trial court appointed counsel to represent him.

## 3. *People's Opposition to the Petition for Resentencing*

The People opposed the petition, arguing that Perez was the actual killer and therefore ineligible for relief under

---

prison for two years, unless use of a firearm is an element of the offense of which he or she was convicted." (Former § 12022.5, added by Stats. 1982, ch. 1404, § 2.1, p. 5358.)

4

section 1170.95.  In addition to the felony complaint and plea colloquy, the People attached as exhibits a probation report and a report setting forth Perez's lack of amenability to Youth Authority housing.

The trial court considered only the following italicized statements in the probation report, finding that petitioner's statements "regarding motivation" were admissible.[3]  The probation report described the offense as follows:  "The defendant shot to death 18-year-old victim, Clarence Munoz, with a .32 caliber handgun.  [¶]  On August 2, 1987, at approximately 12:30 a.m., the defendant fired several shots at Victim Munoz, as defendant drove by in a vehicle in the company of two male Hispanics, 'Playboys' gang members."  As documented in the probation report, the probation officer interviewed Perez, who reported:  " '*I really did not get involved.*' "  Defendant explained: *The victim "had tried killing defendant's family members.  He pulled a gun on defendant's brother, Martin and shot another of defendant's brothers, Rafiel.  If the door of defendant's house had been open at the time [the] victim was armed, the victim would have killed the whole family.*"  (Italics added.)

The trial court did not consider the report the superior court had requested as to whether Perez was amenable to the training and treatment at the Youth Authority (Youth Authority report).  That report recited:  "In the instant offense defendant shot and killed a rival gang member in a drive-by shooting."  Perez "was an active member of the Playboys gang . . ."  "Jose denies committing the murder.  He states that his brother Martin

---

[3] On appeal, respondent does not challenge the trial court's exclusion of the probation report's description of the offense or of the Youth Authority report.

had admitted to him that he had shot toward the victim that evening. Jose indicates that he pled guilty to the charge in court, so his brother could stay out and be with his children." "A homicide detective indicated that Jose tried to put the blame of the instant offense on his brother, Martin, but Jose was the one that committed the act."

### 4. *Perez's Reply*

With the assistance of counsel, Perez filed a reply brief. He objected on hearsay grounds to consideration of the probation report and the Youth Authority report.

### 5. *The Trial Court Holds a Hearing and Concludes Perez Did Not Establish a Prima Facie Case of Eligibility for Resentencing*

The trial court held a hearing to determine whether Perez established a prima facie case of eligibility for resentencing. The trial court concluded that Perez was the actual shooter, and thus as a matter of law, was ineligible for resentencing. The court stated it "finds there is not a prima facie basis. The defendant was the actual killer. The petition is denied." Perez timely appealed.

### DISCUSSION

### A. Background on Section 1170.95

Our high court has described the law of murder: "A conviction for murder requires the commission of an act that causes death, done with the mental state of malice aforethought (malice). (§ 187.) Malice may be either express or implied. (§ 188.) Express malice is an intent to kill. [Citation.] Implied

6

malice does not require an intent to kill. Malice is implied when a person willfully does an act, the natural and probable consequences of which are dangerous to human life, and the person knowingly acts with conscious disregard for the danger to life that the act poses." (*People v. Gonzalez* (2012) 54 Cal.4th 643, 653.) Implied malice murder does not require an intent to kill. (*Ibid*.) "A person who kills unlawfully with implied malice is guilty of second degree murder." (*Ibid*.)

Prior to Senate Bill No. 1437, "when a person aided and abetted a nonhomicide crime that then resulted in a murder, the natural and probable consequences doctrine allowed him or her to be convicted of murder without personally possessing malice aforethought." (*People v. Gentile* (2020) 10 Cal.5th 830, 845.) "Among other things, Senate Bill 1437 modified the requirement of malice aforethought for purposes of murder. Now, except for felony murder, 'in order to be convicted of murder, a principal in a crime *shall act with malice aforethought.* Malice shall not be imputed to a person based solely on his or her participation in a crime.' [Citation.]" (*Id*. at p. 846.) "By its terms, section 188(a)(3) [currently] permits a second degree murder conviction only if the prosecution can prove the defendant acted with the accompanying mental state of mind of malice aforethought. The prosecution cannot 'impute[ ] [malice] to a person based solely on his or her participation in a crime.' [Citation.]"[4] (*Gentile*, at

---

[4] Prior to enactment of Senate Bill No. 1437, section 188, subdivision (a) provided, in pertinent part, "For purposes of Section 187, malice may be express or implied. [¶] (1) Malice is express when there is manifested a deliberate intention to unlawfully take away the life of a fellow creature. [¶] (2) Malice is implied when no considerable provocation appears, or when the

7

p. 846.)  As noted above, Senate Bill No. 1437 does not provide relief to a defendant who was the actual killer.  (*People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410) [changes to sections 188 and 189 inapplicable to actual killer].)

Senate Bill No. 1437, through new section 1170.95, permits retroactive relief to a petitioner convicted on a no longer valid theory of murder.  (*People v. Hernandez* (2021) 60 Cal.App.5th 94, 100.)  Under section 1170.95, subdivision (c), if the petitioner makes a prima facie showing that he falls within the provisions of the statute and is entitled to relief, then the trial court "shall issue an order to show cause."  (§ 1170.95, subds. (b) & (c).)  " 'A prima facie showing is one that is sufficient to support the position of the party in question.'  [Citation.]" (*People v. Lewis* (2020) 43 Cal.App.5th 1128, 1137, review granted Mar. 18, 2020, S260598.)

We recently explained the requirements for a petitioner to establish a prima facie case for resentencing under section 1170.95.  (*People v. Nguyen* (2020) 53 Cal.App.5th 1154 (*Nguyen*).)  "Under section 1170.95, subdivision (a), 'A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:  [¶]  (1)  A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory

---

circumstances attending the killing show an abandoned and malignant heart. . . ."

8

of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.' " (*Nguyen,* at p. 1164.)

"In determining whether a petitioner has made a prima facie showing that he or she is entitled to relief, the 'trial court should not evaluate the credibility of the petition's assertions, but it need not credit factual assertions that are untrue as a matter of law—for example, a petitioner's assertion that a particular conviction is eligible for relief where the crime is not listed in subdivision (a) of section 1170.95 as eligible for resentencing. Just as in habeas corpus, if the record "contain[s] facts refuting the allegations made in the petition . . . the court is justified in making a credibility determination adverse to the petitioner." [Citation.] However, this authority to make determinations without conducting an evidentiary hearing pursuant to section 1170.95, [subdivision] (d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion . . . .' [Citation.]" (*Nguyen, supra,* 53 Cal.App.5th at pp. 1165–1166.) We explained that a petitioner fails to establish a prima facie showing if the petition is untrue as a matter of law.[5] (*Nguyen,* at pp. 1165–1166.)

---

[5] Other cases describe the same process. (*People v. Swanson* (2020) 57 Cal.App.5th 604, 612, review granted Feb. 17, 2021, S266262 ["The contents of the record of conviction defeat a

**B.** **The Trial Court Erred In Concluding that As a Matter of Law, Perez Failed to Establish a Prima Facie Case of Eligibility for Resentencing**

Perez argues that the record of conviction does not establish as a matter of law that he was the actual shooter. Respondent retorts the fact Perez pleaded guilty to second degree murder and admitted a personal firearm use enhancement, constitutes his admission that he was guilty of murder as the actual killer, which remains a valid theory after Senate Bill No. 1437's enactment. Respondent further asserts the charging document did not allege felony murder or the natural or probable consequences theory of murder, and Perez was the only defendant identified in the felony complaint. Respondent thus concludes Perez was not convicted under a felony murder or natural and probable consequences theory. Petitioner has the better argument.

---

prima facie showing when the record shows as a matter of law that the petitioner is not eligible for relief."]; *People v. Duchine* (2021) 60 Cal.App.5th 798, 815 ["absent a record of conviction that conclusively establishes that the petitioner engaged in the requisite acts and had the requisite intent," the petitioner has established a prima facie case]; *People v. Drayton* (2020) 47 Cal.App.5th 965, 982 [reversing the trial court's order finding no prima facie case because the trial court engaged in factfinding that was not supported as a matter of law by the record of conviction]; but see *People v. Garcia* (2020) 57 Cal.App.5th 100, 116, review granted Feb. 10, 2021, S265692 ["The trial court should not accept the petitioner's assertions as true and issue an order to show cause if substantial evidence in the record supports a murder conviction under current law."].)

In his guilty plea, Perez admitted that he committed second degree murder and that he personally used a firearm. Perez's second degree murder plea admits the elements of that offense, but no more.[6] (*People v. Wallace* (2004) 33 Cal.4th 738, 749.) Perez's admissions during the plea colloquy do not elucidate whether he committed the murder as an actual killer or as an aider and abettor. The plea colloquy does not reveal whether Perez acted with actual, implied, or imputed malice; he never admitted having express malice.

Further, the prosecution could have proceeded on a natural and probable consequence theory without pleading a target offense in the felony complaint. (See *People v. Prettyman* (1996) 14 Cal.4th 248, 266–268 [trial court has a sua sponte duty to instruct on uncharged target offenses that form a part of the prosecution's theory of criminal liability and substantial evidence supports the theory].) Perez's personal use of a firearm shows only that he used a firearm during the killing, not that he discharged the firearm or fired the fatal shot. For these reasons, we reject respondent's argument that "[t]he accusatory pleading taken together with the plea hearing make it clear that appellant admitted to being the actual killer."

In contrast to *Nguyen*, *supra*, 53 Cal.App.5th at p. 1168 in which the preliminary hearing transcript demonstrated the petitioner was convicted as a direct aider and abetter, and in contrast to *People v. Perez* (2020) 54 Cal.App.5th 896, 905–906, review granted December 9, 2020, S265254, in which the

---

[6] When defense counsel requested that the prosecutor amend the felony complaint to reflect the agreed upon disposition, the prosecutor responded, "I think we just—we take the plea to the crime of murder in the second degree."

11

preliminary hearing transcript showed that the petitioner was a direct shooter, there was no preliminary hearing here.  Although the plea colloquy could support a conclusion that Perez was the actual shooter, that conclusion is not inevitable.

Because the record does not show as a matter of law that Perez was ineligible for resentencing, we must remand the case to the trial court to issue an order to show cause and hold a section 1170.95, subdivision (d) hearing.  The parties may offer new evidence at the section 1170.95, subdivision (d) hearing (*People v. Hernandez*, *supra*, 60 Cal.App.5th at p. 103, which may include the probation report (see *People v. Williams* (2020) 57 Cal.App.5th 652, 662).  We express no opinion on how the trial court should rule at the section 1170.95, subdivision (d) hearing.

## DISPOSITION

The order denying Perez's petition for resentencing is reversed. Upon remand, the trial court shall issue an order to show cause pursuant to Penal Code section 1170.95, subdivision (c) and conduct a hearing pursuant to Penal Code section 1170.95, subdivision (d).

NOT TO BE PUBLISHED.


                                                    BENDIX, J.

We concur:



        ROTHSCHILD, P. J.



        FEDERMAN, J.*

---

\* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.