[No. S170550. July 22, 2010.]

MOISES GALINDO, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
CITY OF LOS ANGELES POLICE DEPARTMENT et al., Real Parties in
Interest.

4

## COUNSEL

Michael P. Judge, Public Defender, Albert J. Menaster, Susanne Blossom and Mark Harvis, Deputy Public Defenders, for Petitioner.

Mary Greenwood, Public Defender (Santa Clara) and Michael Ogul, Deputy Public Defender, for California Public Defenders Association and Santa Clara County Public Defender as Amici Curiae on behalf of Petitioner.

John T. Philipsborn; Sanger & Swysen and Stephen K. Dunkle for California Attorneys for Criminal Justice as Amicus Curiae on behalf of Petitioner.

Stephen Cooley, District Attorney, John K. Spillane, Chief Deputy District Attorney, Irene Wakabayashi, Head Deputy District Attorney, Sharon J. Matsumoto, Brentford J. Ferreira, Natasha Cooper and Gilbert Wright, Deputy District Attorneys, for Respondent.

Rockard Delgadillo and Carmen A. Trutanich, City Attorneys, Carlos De La Guerra and Jess J. Gonzalez, Assistant City Attorneys, and Kjehl T. Johansen, Deputy City Attorney, for Real Parties in Interest.

## OPINION

**KENNARD, J.**—Charged by felony complaint with threatening and resisting an arresting officer in the performance of his duties (Pen. Code, §§ 422, 69), petitioner Moises Galindo brought a *Pitchess* motion (see *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305]; Evid. Code, §§ 1043–1045) for disclosure of prior citizen complaints made against the arresting officer and four other officers involved in the incident.

*Pitchess* motions are so named after this court's 1974 decision in *Pitchess v. Superior Court, supra,* 11 Cal.3d 531, which afforded criminal defendants a judicially created right to discovery of prior citizen complaints alleging misconduct by California peace officers. In 1978, the Legislature codified the right and set forth which officer records are subject to *Pitchess* discovery. (Pen. Code, §§ 832.7, 832.8; Evid. Code, §§ 1043–1045.) As relevant here, these statutes permit a criminal defendant to " 'compel discovery' of certain relevant information in the personnel files of police officers by making 'general allegations which establish some cause for discovery' of that information and by showing how it would support a defense to the charge against him." (*Warrick v. Superior Court* (2005) 35 Cal.4th 1011, 1018–1019 [29 Cal.Rptr.3d 2, 112 P.3d 2].) When the trial court, in exercising its discretion, grants a defendant's *Pitchess* motion, it orders disclosure of the names, addresses, and telephone numbers of individuals who have in the past witnessed alleged officer misconduct or who have complained of misconduct by the officer named in the motion. (*Warrick,* at p. 1019; see, e.g., *People v. Prince* (2007) 40 Cal.4th 1179, 1283 [57 Cal.Rptr.3d 543, 156 P.3d 1015].)

When petitioner here moved for *Pitchess* discovery, no preliminary hearing had yet been held to determine whether there was probable cause to conclude that he had committed the charged offenses. The magistrate denied the motion by an order that did not preclude petitioner from renewing the motion *after* the preliminary hearing. The magistrate gave two reasons for the denial: *Pitchess* discovery was as a matter of course not available for use at the preliminary hearing; and petitioner had not shown that *Pitchess* discovery would yield "something that would change the outcome" of the hearing. Petitioner unsuccessfully sought a writ of mandate first in the superior court, then in the Court of Appeal. We granted petitioner's petition for review.

Although no statute prohibits a criminal defendant from filing a *Pitchess* motion before a preliminary hearing is held, neither does any statute expressly grant a right to obtain *Pitchess* discovery for use at the preliminary hearing. Accordingly, we hold that although a defendant may file a *Pitchess* motion before a preliminary hearing, the pendency of that motion will not necessarily or invariably constitute good cause for postponing the preliminary

hearing over the prosecution's objection. The purpose of the preliminary hearing is merely "to establish whether there exists probable cause to believe that the defendant has committed a felony" (Pen. Code, § 866, subd. (b)), and "[b]oth the defendant and the people have the right to a preliminary examination at the earliest possible time . . ." (*id.*, § 859b, 2d par.).

Here, petitioner sought *Pitchess* discovery to obtain evidence for use at the preliminary hearing, and his attorney told the trial court that petitioner would be requesting a continuance of that hearing if the *Pitchess* discovery revealed potential defense witnesses. Under these circumstances, as we explain below, the magistrate's denial of the motion was not erroneous. When this case returns to the trial court, petitioner may, however, renew his *Pitchess* motion for the purpose of obtaining evidence relevant to issues *at trial*.

# I

The police report contains these facts: On the evening of February 29, 2008, Los Angeles Police Department Officers "S. Flores" and "J. Smith" were patrolling on foot when they saw petitioner Moises Galindo drinking alcohol in a public place, a municipal code violation. At their approach, petitioner fled into an apartment. Soon a crowd of petitioner's angry relatives and neighbors gathered outside the apartment. After three more officers arrived, the officers obtained permission from petitioner's father to enter the apartment, where they arrested petitioner. Also arrested was petitioner's brother, whose presence in the apartment complex was prohibited by a gang injunction.

As the two brothers were being taken to a police car, they made death threats against the officers escorting them. The brothers were placed in the backseat of the patrol car for transport to the police station. Petitioner sat between his brother and Officer Flores. During the trip, both brothers "became extremely belliger[e]nt," and petitioner told Officer Flores, "I am going to . . . kill you and your family." Then petitioner, who was apparently handcuffed, struck his head against Officer Flores's head.

The complaint charged petitioner with resisting a police officer in the performance of his duties. (Pen. Code, § 69.) But on March 14, 2008, an amended felony complaint added a charge of making threats to kill or cause great bodily injury to Officer Flores (*id.*, § 422), a serious felony (*id.*, § 1192.7, subd. (c)), and alleged that the offense was committed to benefit a criminal street gang (*id.*, § 186.22, subd. (b)(1)(B)).

Petitioner was arraigned on March 26, 2008, and a preliminary hearing was set for April 18, but on that date defendant waived time. On or after April 24, before a preliminary hearing was held, petitioner filed a motion seeking *Pitchess* discovery as to the five officers who had been present at his arrest.

Petitioner's *Pitchess* motion sought disclosure by the Los Angeles Police Department of the names and contact information of "all persons" who had witnessed or complained of prior incidents involving excessive force, violence, false arrest, fabrication or dishonesty, and any departmental discipline imposed on Officer Flores, Smith, or any of the other three officers. Defense counsel's declaration in support of the motion denied that petitioner had threatened Officer Flores and accused the officer of assaulting petitioner both inside and outside the patrol car on the way to the police station.

On May 16, 2008, the magistrate held a hearing on petitioner's *Pitchess* motion. At the hearing, petitioner's attorney told the magistrate that if *Pitchess* discovery revealed potential witnesses, petitioner would seek postponement of the preliminary hearing, which had been set for June 2. Without precluding petitioner from renewing the motion at a later time, the magistrate denied the *Pitchess* motion, giving two reasons. First, the magistrate concluded that *Pitchess* discovery was not normally available *before* a preliminary hearing, because the discovery sought would be pertinent only to issues at trial, where the prosecution had to prove petitioner's guilt of the charged offenses. Second, the magistrate concluded that even if *Pitchess* discovery were permissible before the preliminary hearing, petitioner had failed to establish that the discovery sought would affect the crucial issue at the preliminary hearing of whether there was probable cause to hold petitioner to answer on the charges against him. In the magistrate's words: "If you make a *Pitchess* motion pre-prelim in addition to the ordinary *Pitchess* showing, you have to show . . . a reasonable chance you are going to discover something that will change the outcome of the [preliminary] hearing," such as evidence negating required elements of the offense, which would preclude finding probable cause of petitioner's guilt. (See Pen. Code, § 866, subd. (a).)

The date for petitioner's preliminary hearing was postponed, apparently to permit preparation of a petition for a writ of mandate challenging the magistrate's ruling on petitioner's *Pitchess* motion. On June 17, 2008, petitioner filed a mandate petition in the superior court, seeking an order directing the City of Los Angeles (City) to disclose the *Pitchess* information

requested. When the superior court denied relief, petitioner sought a writ of mandate in the Court of Appeal. That court stayed the preliminary hearing and asked both the District Attorney of the County of Los Angeles (District Attorney) and the City to brief the issue of whether a criminal defendant has a right to obtain *Pitchess* discovery before a preliminary hearing is held. After consideration of the parties' briefs, the Court of Appeal summarily denied relief and vacated the stay.

Petitioner then filed in this court a petition for review and a request to stay the proceedings, arguing that without the fruits of *Pitchess* discovery he could not receive effective assistance of counsel at the preliminary hearing, which he described as a "critical stage" in a criminal proceeding. We stayed the preliminary hearing, granted the petition for review, vacated the Court of Appeal's order denying the petition for a writ of mandate, and transferred the matter to the Court of Appeal, directing it to order the superior court to show cause why the requested relief should not be granted. After briefing and oral argument, the Court of Appeal issued its opinion rejecting "petitioner's contention that *Pitchess* discovery is a precondition for effective assistance of counsel" at a preliminary hearing.

## II

A defendant who is arrested and arraigned on a felony complaint is entitled to a preliminary hearing. Both the defendant and the prosecution possess the right to have the hearing occur "within 10 court days of the date the defendant is arraigned or pleads, whichever occurs later." (Pen. Code, § 859b, 2d par.)

The purpose of the preliminary hearing is to determine whether there is probable cause to conclude that the defendant has committed the offense charged. (*People v. Wallace* (2004) 33 Cal.4th 738, 749 [16 Cal.Rptr.3d 96, 93 P.3d 1037]; Pen. Code, § 872.) Probable cause exists if a person " ' " 'of ordinary caution or prudence would be led to believe and conscientiously entertain a strong suspicion' " ' " that the defendant committed the crime. (*Cooley v. Superior Court* (2002) 29 Cal.4th 228, 251 [127 Cal.Rptr.2d 177, 57 P.3d 654]; see *People v. Slaughter* (1984) 35 Cal.3d 629, 636 [200 Cal.Rptr. 448, 677 P.2d 854].)

Petitioner here argues that his right to the effective assistance of counsel as guaranteed by the Sixth Amendment to the federal Constitution will be impaired if he cannot obtain, for use at his preliminary hearing, *Pitchess* discovery of prior citizen complaints against all five officers present at his

arrest. He asserts that because "all the witnesses are police officers," *Pitchess* discovery is necessary to enable his counsel to impeach the officers' credibility. Particularly, petitioner seeks to undermine the credibility of Officer Flores, who prepared the police report and whom petitioner allegedly assaulted and threatened with death.

■ We agree with petitioner that the right to effective assistance of counsel, as guaranteed by the Sixth Amendment to the federal Constitution, applies not only to trial but also to the preliminary hearing, which the high court has described as a "critical stage" in a criminal proceeding (*Coleman v. Alabama* (1970) 399 U.S. 1, 9–10 [26 L.Ed.2d 387, 90 S.Ct. 1999]; see *People v. Cudjo* (1993) 6 Cal.4th 585, 615 [25 Cal.Rptr.2d 390, 863 P.2d 635]). But we disagree that this right is violated if defense counsel lacks *Pitchess* discovery for use at the preliminary hearing. Our conclusion rests not only on the nature of the preliminary hearing itself but also on the type of evidence obtained through *Pitchess* motions, as we explain below.

■ At a preliminary hearing, the defendant may offer evidence that is "reasonably likely to establish an affirmative defense, negate an element of a crime charged, or impeach the testimony" of the arresting officers. (Pen. Code, § 866, subd. (a).) Petitioner here contends that "*Pitchess* witnesses could testify that the arresting officers had used excessive force" against them and that the officers "then lied about" doing so. Thus, petitioner argues, the testimony of witnesses obtained through *Pitchess* discovery could support a claim by him of self-defense or the defense of others to the charge against him of resisting an officer (Pen. Code, § 69), or such testimony could negate an element of that crime. The availability of such witnesses to testify at the preliminary hearing, petitioner claims, would make it more likely that the magistrate would exercise discretion (*id.*, § 866, subd. (b)) to admit their testimony at the hearing. But the magistrate could also refuse to admit the testimony of these witnesses if strong and credible evidence of defendant's guilt exists apart from the testimony provided by the arresting officers. (See Evid. Code, § 352; see also *People v. Slaughter*, *supra*, 35 Cal.3d at p. 637.) When there is such evidence, "the magistrate may reasonably assume the possibility of [the defendant's] guilt" and find probable cause without resolving "all conflicts in the evidence." (*Slaughter*, at p. 637.)

In this case, various relatives and neighbors of petitioner were present at his arrest and witnessed some, if not all, of the officers' conduct. Petitioner knew the identity of these eyewitnesses to his arrest. Through *Pitchess* discovery, petitioner sought to learn the identity of individuals who in the

past had filed misconduct complaints, alleging that these same officers used excessive force or were untruthful. It is highly unlikely that the testimony of *Pitchess* witnesses at the preliminary hearing would defeat a finding that there was probable cause to believe that the defendant "committed a felony and should be held for trial." (*Correa v. Superior Court* (2002) 27 Cal.4th 444, 452 [117 Cal.Rptr.2d 27, 40 P.3d 739]; see Pen. Code, § 872, subd. (a).) Given this low standard of proof governing preliminary hearings, we conclude that here the denial of petitioner's *Pitchess* discovery motion, made before the holding of a preliminary hearing, would not prevent defense counsel from providing effective representation at the preliminary hearing.

## III

The parties dispute the impact in this case of the voters' June 1990 passage of Proposition 115, the Crime Victims Justice Reform Act, a broad anticrime initiative measure that, as relevant here, (1) adopted a new scheme of reciprocal discovery in criminal cases; (2) limited criminal discovery to that scheme or to "other express statutory provisions" for discovery (Pen. Code, § 1054, subd. (e)); and (3) acknowledged the people's right in a criminal case to due process of law and a speedy trial. Our focus is on the measure's second and third components in determining, first, whether *Pitchess* motions may be made before a preliminary hearing has been held, and second, whether the preliminary hearing must be delayed until evidence obtained through *Pitchess* discovery can be used at the preliminary hearing. The answer to the first question is "yes," and the answer to the second question is "no," as explained below.

The City and the District Attorney argue that the use of *Pitchess* discovery at a preliminary hearing would be inconsistent with both the intent underlying Proposition 115 and the express statutory changes it made. Petitioner, on the other hand, argues that Proposition 115 did not amend the *Pitchess* statutory discovery scheme, thus leaving intact the preexisting practice of allowing *Pitchess* discovery motions to be made before the holding of a preliminary hearing and allowing testimony or evidence obtained through *Pitchess* discovery to be used at the hearing. The arguments of both sides have some merit, as we explain below.

As relevant here, Proposition 115 amended the California Constitution (Cal. Const., art. I, § 30, subd. (c)) and enacted a statutory scheme to provide in criminal cases for reciprocal discovery between the prosecution and the defense (see *Izazaga v. Superior Court* (1991) 54 Cal.3d 356, 364–365 [285 Cal.Rptr. 231, 815 P.2d 304]). We discuss first the statutory and then the constitutional changes, and their effect on the issue in this case.

■ Proposition 115 added chapter 10 to part 2, title 6 of the Penal Code. That chapter begins with section 1054, which defines the purpose of pretrial discovery, and limits it to aiding the trial process. That statute's subdivision (e) states that "*no discovery shall occur* in criminal cases *except as provided by this chapter, other express statutory provisions*, or as mandated by the Constitution of the United States." (Pen. Code, § 1054, subd. (e), italics added.) Predating this new statutory provision by 12 years are the *Pitchess* discovery statutes, which therefore are within subdivision (e)'s category of "other express statutory provisions" that survived the voters' June 1990 passage of Proposition 115.

The *Pitchess* discovery statutes (Evid. Code, §§ 1043–1045; Pen. Code, §§ 832.7–832.8) do not restrict the use of evidence obtained through such discovery to any particular proceeding. As there is no legislative prohibition against the filing of a *Pitchess* discovery motion before a preliminary hearing is held, we conclude that such a filing is permissible.

That conclusion, however, does not mean that over the prosecution's objection the defense is invariably entitled to have the preliminary hearing postponed until the defense has, through *Pitchess* discovery, obtained evidence and witnesses for presentation at the preliminary hearing. In this context, repeated postponements of the preliminary hearing would, as discussed below, defeat a goal of Proposition 115: to reduce delays in criminal cases.

Before the voters' June 1990 passage of Proposition 115, courts would "routinely" and repeatedly grant continuances to accommodate a criminal defendant's request for "pretrial discovery to prepare for a preliminary examination." (Pipes & Gagen, Cal. Criminal Discovery (4th ed. 2007) Preliminary Examinations, § 2:12, pp. 329–330; see, e.g., *Saulter v. Municipal Court* (1977) 75 Cal.App.3d 231, 247 [142 Cal.Rptr. 266].)

In their ballot argument, the proponents of Proposition 115 stressed their goal of reducing unnecessary delays in criminal proceedings. According to the measure's proponents, criminal "defense lawyers love delays" because it is in their client's interest when "[w]itnesses die or their memories fade," but Proposition 115 would end the "useless delays that frustrate criminal justice in California." (Ballot Pamp., Primary Elec. (June 5, 1990) argument in favor of Prop. 115, p. 34.) The voters' passage of Proposition 115 codified that goal in Penal Code section 1054, which stresses avoidance of "undue delay" in criminal proceedings. (Pen. Code, § 1054, subd. (d).) That goal would be frustrated if we were to uphold the pre-Proposition 115 practice of routinely and repeatedly granting postponements of a preliminary hearing to accommodate a defendant's efforts to obtain *Pitchess* discovery for use at the preliminary hearing.

Support for that conclusion is also found in Proposition 115's amendment of our state Constitution by adding a new section declaring that "[i]n a criminal case, the people of the State of California have the right to due process of law and to a speedy and public trial." (Cal. Const., art. I, § 29.) By so amending our state Constitution, the voters expressly acknowledged that not just the criminal defendant but also the people, represented in a criminal case by the prosecutor, are constitutionally entitled to due process and to a speedy trial. The people's constitutional right to a speedy trial would be violated if, as petitioner urges us to do, we were to uphold the pre-Proposition 115 practice in question. Below, we provide a glimpse of the delays inherent in obtaining and using *Pitchess* discovery.

■ Turning *Pitchess* discovery into evidence admissible at trial is not a rapid process. To obtain *Pitchess* discovery of a particular peace officer's personnel records, a criminal defendant must provide not only "a written motion and notice to the governmental agency which has custody of the records" but also a " 'description of the type of records or information sought,' " as well as affidavits " 'showing good cause for the discovery or disclosure' "; and the defendant must set forth the materiality of the information sought to the pending litigation. (*City of Santa Cruz v. Municipal Court* (1989) 49 Cal.3d 74, 82 [260 Cal.Rptr. 520, 776 P.2d 222].) If the defendant shows good cause, the trial court directs the custodian of the records to produce all potentially relevant documents (*People v. Mooc* (2001) 26 Cal.4th 1216, 1228–1229 [114 Cal.Rptr.2d 482, 36 P.3d 21]) for its examination in chambers, that is, in a nonpublic proceeding designed to protect the officer's privacy (*Alford v. Superior Court* (2003) 29 Cal.4th 1033, 1038–1039 [130 Cal.Rptr.2d 672, 63 P.3d 228]).

If, after reviewing the officer's personnel records, the trial court concludes that they do not contain information that is statutorily excluded from disclosure (see Evid. Code, § 1045, subd. (b)), then disclosure is called for. (*Alford v. Superior Court, supra*, 29 Cal.4th at p. 1039.) But the information disclosed to the defense will be limited to names and contact information for persons who have on prior occasions either witnessed or filed complaints of misconduct by the officer who is the subject of the *Pitchess* discovery motion. (*Ibid.*) The defense then needs time to locate, interview, and obtain the in-court presence of those individuals.

■ Long before the voters' June 1990 passage of Proposition 115, Penal Code section 859b provided: "Both the defendant *and the people* have the right to a preliminary examination *at the earliest possible time*, and unless both waive that right or good cause for a continuance is found," the "preliminary examination shall be held within 10 court days of the date" on which the defendant "is arraigned or pleads." (Italics added.) To postpone a

preliminary hearing over the prosecutor's objection beyond the statutory 10-court-day period for the sole purpose of allowing a defense motion for *Pitchess* discovery, which may or may not yield a witness whose testimony will be relevant to the issues at the preliminary hearing, would deny the People their state constitutional rights to procedural due process and to a speedy trial, in addition to, as discussed earlier, their statutory right under Penal Code section 859b to a prompt preliminary hearing.

Here, the magistrate heard petitioner's *Pitchess* discovery motion on May 16, 2008. At that time, petitioner's preliminary hearing was scheduled for June 2. Such a short time, as the magistrate noted at the hearing on the *Pitchess* motion, would not enable defense counsel "to look into" any *Pitchess* disclosures received before the holding of the preliminary hearing. And defense counsel specifically informed the magistrate that if *Pitchess* discovery revealed potential witnesses, petitioner would seek postponement of the preliminary hearing. For the reasons discussed above, such delay would have been contrary to one of Proposition 115's goals: to avoid "undue delay" in criminal proceedings. (See p. 11, *ante*.)

After the magistrate concluded that petitioner's purpose in bringing the *Pitchess* motion was to develop evidence for use at the preliminary hearing, that this objective could be realized only by postponing the preliminary hearing, and that the possibility of discovering evidence favorable to the defense did not justify delaying the preliminary hearing, the magistrate denied petitioner's *Pitchess* motion. We hold that this ruling was not an abuse of the magistrate's discretion. The ruling does not preclude petitioner from bringing a renewed *Pitchess* motion, when this matter returns to the magistrate, for the purpose of obtaining evidence for use at trial.

Although we agree with the District Attorney, and with the Court of Appeal, that the magistrate did not err in denying the *Pitchess* motion, we do not agree with the District Attorney that the amendment of Penal Code section 866 by Proposition 115 has *impliedly repealed* what was, until its passage, an informal practice of granting *Pitchess* discovery motions before the holding of a preliminary hearing and permitting the fruits of such discovery to be used at the preliminary hearing. Although one statute may impliedly repeal another statute if the two statutes are entirely irreconcilable and incapable of operating concurrently (*Western Oil & Gas Assn. v. Monterey Bay Unified Air Pollution Control Dist.* (1989) 49 Cal.3d 408, 419 [261 Cal.Rptr. 384, 777 P.2d 157]), no *statute* has ever authorized *Pitchess* discovery for use at a preliminary hearing, and thus the rules concerning implied repeals are not helpful in this context.

## DISPOSITION

Our previously ordered stay is vacated, and the Court of Appeal's judgment denying the petition for writ of mandate is affirmed.

George, C. J., Baxter, J., Chin, J., Moreno, J., and Corrigan, J., concurred.

**WERDEGAR, J.,** Concurring.—Before his scheduled preliminary hearing, petitioner moved for *Pitchess* discovery, that is, discovery of information from the arresting police officers' personnel files that might be relevant to the officers' respective credibility. (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305]; Evid. Code, §§ 1043–1045.) The magistrate denied the motion without prejudice to its renewal before trial, explaining that, before he would grant the motion, "the defense has to logically show they are going to discover something or might discover something that would change the outcome of the preliminary hearing." In addition, noted the magistrate, "[e]ven if the Court orders disclosures, you wouldn't have [the] time to look into it [before the] preliminary hearing." The majority concludes the magistrate did not abuse his discretion by so ruling. (Maj. opn., *ante*, at p. 13.) I concur. I write separately to explain my reasons and to clarify what I believe to be the majority's holding.

### I. *Effective Assistance of Counsel*

As the majority explains (maj. opn., *ante*, at pp. 8–9), a criminal defendant is guaranteed the constitutional right to the effective assistance of counsel at the preliminary hearing. (*People v. Cudjo* (1993) 6 Cal.4th 585, 615 [25 Cal.Rptr.2d 390, 863 P.2d 635].) Moreover, to facilitate the right to effective assistance of counsel and to prepare for a meaningful preliminary hearing, a criminal defendant can, as the majority affirms, file for *Pitchess* discovery in advance of the hearing, not only because "[t]he *Pitchess* discovery statutes . . . do not restrict the use of evidence obtained through such discovery to any particular proceeding" (maj. opn., *ante*, at p. 11, citations omitted), but also because "there is no legislative prohibition against the filing of a *Pitchess* discovery motion before a preliminary hearing is held . . . " (*ibid.*). However, responding to petitioner's argument that denial of *Pitchess* discovery deprived him of the effective assistance of counsel, the majority concludes that the right to effective assistance of counsel is not violated "if defense counsel lacks *Pitchess* discovery for use at the preliminary hearing." (Maj. opn., *ante*, at p. 9.)

Notwithstanding petitioner's argument, petitioner's right to effective assistance of counsel at the preliminary hearing is, in my view, only tangentially related to his *Pitchess* motion. Instead, a defendant's inability to obtain and present relevant evidence at the preliminary hearing relates to the defendant's due process right to a fair hearing. Although the function of a preliminary hearing is merely to determine if probable cause exists to bind a defendant over for trial, the ability to impeach accusatory witnesses at the hearing is an important part of that process. The value of impeachment is explicitly recognized by Penal Code section 866, subdivision (a), which provides that a criminal defendant may present evidence at the preliminary hearing that is "reasonably likely to . . . impeach the testimony of a prosecution witness . . . ." "The purpose of this right is obvious: to permit the defendant to rebut the People's evidence of probable cause and persuade the magistrate not to make a probable cause finding. One of ' "[t]he purpose[s] of the preliminary hearing is to weed out groundless or unsupported charges of grave offenses, and to relieve the accused of the degradation and expense of a criminal trial. Many an unjustifiable prosecution is stopped at that point where the lack of probable cause is clearly disclosed." ' " (*Nienhouse v. Superior Court* (1996) 42 Cal.App.4th 83, 91 [49 Cal.Rptr.2d 573].)

From the facts of petitioner's case, we may surmise that some of the principal witnesses against him will be the arresting police officers. Because the *Pitchess* process facilitates the gathering of evidence that potentially could impeach the credibility of such officers, it follows logically that *Pitchess* discovery material may be relevant and thus admissible at the preliminary hearing. In a given case, denying a defendant a fair opportunity to impeach the witnesses against him could infringe on his statutory right under Penal Code section 866 and, possibly, produce a hearing so fundamentally unfair that the error implicates his due process right to a fair hearing.[1] Nevertheless, as explained below, I do not believe denial of petitioner's *Pitchess* motion deprived him of due process.

---

[1] The majority opines that "the magistrate could also refuse to admit the testimony of [impeaching] witnesses if strong and credible evidence of defendant's guilt exists apart from the testimony provided by the arresting officers." (Maj. opn., *ante*, at p. 9.) I am unaware of any legal authority authorizing a magistrate to refuse to admit evidence impeaching a prosecution witness on the ground that the magistrate had—midhearing—already decided the prosecution's evidence demonstrated probable cause. "Depending on the credibility of the testimony and the circumstances of the case, probable cause would be found present or absent by the magistrate at the *conclusion* of the hearing." (*Nienhouse v. Superior Court, supra,* 42 Cal.App.4th at p. 91.) Nor is the majority's citation to *People v. Slaughter* (1984) 35 Cal.3d 629, 637 [200 Cal.Rptr. 448, 677 P.2d 854] of any assistance. *Slaughter* holds only that, after hearing all the evidence, the magistrate may be able to discern that probable cause exists, sufficient to bind an accused over for trial, without resolving all the factual disputes raised by the evidence. *Slaughter* does *not* hold the magistrate may deny an accused the right to present impeachment evidence suggesting his innocence.

## II. *Proposition 115*

Neither the right to a fair hearing or to effective counsel at the hearing nor Penal Code section 866 guarantees a defendant the right to introduce any and all evidence at the preliminary hearing. The right to introduce evidence at the hearing, as in a trial proper, is subject to numerous constraints. In this case, the majority relies on one such limitation on evidence: the delay inherent in the *Pitchess* discovery process. (Cf. Evid. Code, § 352 ["The court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will . . . necessitate undue consumption of time . . . ."].) Thus, the majority emphasizes Proposition 115's concern for "undue delay" (Pen. Code, § 1054, subd. (d)) and the creation by Proposition 115 of the People's right to a speedy trial (Cal. Const., art. I, § 29). From this, the majority opines that petitioner's acknowledged right to move for prehearing *Pitchess* discovery "does not mean that over the prosecution's objection the defense is *invariably* entitled to have the preliminary hearing postponed . . . ." (Maj. opn., *ante*, at p. 11, italics added; see also *ibid.* ["*repeated* postponements of the preliminary hearing would . . . defeat a goal of Proposition 115: to reduce delays in criminal cases" (italics added)]; *ibid.* [the "goal [of a speedy hearing] would be frustrated if we were to uphold the pre-Proposition 115 practice of *routinely and repeatedly* granting postponements . . ." (italics added)].) I agree.

The converse, of course, is also true: a criminal defendant's need for *Pitchess* discovery could, depending on the particular circumstances of the case, justify a magistrate's exercise of discretion *to grant a request* to continue the preliminary hearing over the prosecutor's objection. Just as the magistrate should not invariably or routinely *grant* postponements of the hearing, neither should he or she invariably or routinely *deny* them. Instead, whether to continue the preliminary hearing is committed to the magistrate's traditional discretion, after considering all the relevant factors including, but not limited to, the speedy hearing rights of both the People and the accused. Thus, the second paragraph of Penal Code section 859b provides: "Both the defendant and the people have the right to a preliminary examination at the earliest possible time, and unless both waive that right *or good cause for a continuance is found as provided for in Section 1050*, the preliminary examination shall be held [within prescribed time limits]." (Italics added.) Penal Code section 1050, referenced in Penal Code section 859b, provides that "[n]either the convenience of the parties nor a stipulation of the parties is in and of itself good cause . . ." (Pen. Code, § 1050, subd. (e)), and "[w]hen deciding whether or not good cause for a continuance has been shown, the court shall consider the general convenience and prior commitments of all witnesses, including peace officers . . ." (*id.*, subd. (g)(1)).

In sum, the importance of a speedy preliminary hearing, explicit in Penal Code section 1054, subdivision (d), must be balanced against both a defendant's right to a fair hearing and the defendant's statutory right, set forth in Penal Code section 866, to impeach the witnesses against him at the hearing. Thus, despite the admitted value of a speedy preliminary hearing, a magistrate entertaining a prehearing *Pitchess* motion should also consider whether an accused can receive a fair hearing in the absence of *Pitchess* discovery and whether he has had a fair and reasonable opportunity to marshal the available evidence to impeach the prosecution's witnesses.

On the facts of this case, I agree with the majority that the magistrate did not abuse his discretion by denying the *Pitchess* motion. The need for a speedy hearing is an important consideration. Petitioner's motion for discovery, which was not heard until May 16, 2008, even if granted, would not reasonably have enabled him to obtain any pertinent discovery (if any existed in the officers' personnel files) before the preliminary hearing, then scheduled for June 2. Defense counsel expressly stated she would ask for a continuance if *Pitchess* discovery revealed potential witnesses, thus making delay fairly certain rather than merely speculative. But also significant to the magistrate's decision is that evidence other than any potentially impeaching *Pitchess* material was available to petitioner to rebut the prosecution's case. Judging from the police report, petitioner's arrest was witnessed by several people who were friends and family of petitioner; if the officers were lying, some of those witnesses could likely contradict the police version of events, diminishing the importance of the potential *Pitchess* evidence. "[T]he trial court has discretion to exclude impeachment evidence . . . if it is . . . cumulative . . . ." (*People v. Price* (1991) 1 Cal.4th 324, 412 [3 Cal.Rptr.2d 106, 821 P.2d 610].) Finally, the magistrate's denial was without prejudice to petitioner's renewing the motion before trial, ensuring that if the officers' personnel files contained pertinent information, petitioner would not be forever denied access to that evidence.

Because I agree the magistrate did not abuse his discretion, I concur in the majority opinion, which affirms the Court of Appeal's judgment denying petitioner a writ of mandate. I do so with the understanding that the majority's opinion neither imposes a categorical bar to a defendant's moving for, and obtaining, *Pitchess* discovery before the preliminary hearing, nor prohibits the admission at the hearing of information gained through the *Pitchess* process. Instead, I understand the majority opinion to hold that the decision whether to grant prehearing *Pitchess* discovery is within the magistrate's discretion after balancing the likelihood of delay with the defendant's

right to a fair hearing, as well as his or her right, under Penal Code section 866, to present evidence impeaching the prosecution's witnesses at the hearing. The discretion to grant a continuance, as always, is committed to the magistrate's traditional discretion under Penal Code section 1050. With those caveats, I concur.