Filed 9/18/20

# CERTIFIED FOR PUBLICATION

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B301466 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA028774) |
| v. | |
| LUIS ALFREDO PEREZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael Terrell, Judge.  Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles Lee and Heidi Salerno, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

Luis Alfredo Perez appeals from a postconviction order denying his petition for resentencing filed under Penal Code section 1170.95[1] as to his second degree murder conviction (§ 187, subd. (a)) entered after Perez pleaded no contest to second degree murder and admitted the allegation he personally used a dangerous or deadly weapon (§ 12022, subd. (b)(1)). After appointing counsel and ordering briefing, the superior court determined Perez was not entitled to relief under section 1170.95 because he was the actual killer. The court relied on the transcript of Perez's preliminary hearing, at which two witnesses testified they saw Perez repeatedly and forcefully strike his wife with a hammer in the back of her head. On appeal Perez contends the superior court erred in finding Perez ineligible for relief without issuing an order to show cause and holding an evidentiary hearing. Perez also argues the court's reliance on the preliminary hearing testimony violated his Sixth Amendment right to a jury trial.

We conclude the trial court properly considered the preliminary hearing transcript as part of the second step of the court's prima facie review of Perez's petition in determining whether Perez had made a prima facie case of eligibility for relief. Because Perez failed to make an offer of proof of evidence he could present at an evidentiary hearing to show he was not the actual killer, we affirm.

---

[1] All further undesignated statutory references are to the Penal Code.

2

# FACTUAL AND PROCEDURAL BACKGROUND

A.    *The Evidence at the Preliminary Hearing*

At the January 12, 1998 preliminary hearing, Maria Elena Vega testified she was the manager of the apartment building where Perez lived with his two children and his wife, Aura Leticia Morales.  On December 4, 1997 Vega was in a storeroom beneath Perez's apartment with her sister-in-law Juana Salgado Mendosa.  At around 4:00 in the afternoon, Perez's daughter approached Vega and Mendosa.  She screamed and said her father was killing her mother.  Vega exited the storeroom and saw Perez standing over Morales on the stairs leading up to Perez's apartment.  Morales was lying on the stairs.  Perez struck Morales in the back of her head five or six times with a hammer he clasped in both hands.  Morales was not moving.  Vega called the police.

Mendosa testified she was with Vega in the storeroom when Perez's daughter entered.  Perez's daughter was crying and said her "daddy" was hitting her "mommy."  When Mendosa approached the stairwell, she saw Perez hit Morales in the back of her head two or three times with a hammer he held in both hands.  An autopsy showed Morales sustained 20 to 30 blows causing blunt force trauma to her head, which caused her death.

At the conclusion of the hearing, the court denied Perez's motion to dismiss the complaint for insufficient evidence (§ 995).  The court made a finding there was sufficient cause to believe Perez was guilty of murder, and it held him to answer for the crime.

B.    *The Information, Plea, and Sentencing*

A January 27, 1998 information charged Perez with a single count of second degree murder (§ 187, subd. (a)).  The information specially alleged Perez personally used a dangerous or deadly weapon, a hammer, within the meaning of section 12022, subdivision (b)(1).

On December 9, 1999 Perez pleaded no contest to the single count and admitted the special allegation he personally used a hammer as a dangerous or deadly weapon in the commission of the crime.  Perez's attorney stipulated to a factual basis for the plea, but she did not reference the preliminary hearing testimony.  The trial court accepted Perez's plea, found Perez guilty of second degree murder, and found true the special allegation.  The court sentenced Perez to a life term with a 15-year minimum parole eligibility date, plus a consecutive one-year term under section 12022, subdivision (b).  Perez did not appeal.

C.    *Postconviction Proceedings*

On March 22, 2019 Perez, representing himself, filed a form petition with a supporting declaration in the superior court stating he had met the requirements under section 1170.95 for relief under Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), including that (1) the information allowed the prosecution to proceed under a theory of felony murder or the natural and probable consequences doctrine; (2) he pleaded guilty or no contest to first or second degree murder in lieu of going to trial because he believed he could have been convicted of first or second degree murder at trial under the felony murder rule or the natural and probable consequences doctrine; and (3) he could not be convicted of first or second degree murder under changes to

4

sections 188 and 189, effective January 1, 2019.  Perez requested the court appoint him counsel and vacate his murder conviction.  With respect to his affirmation he could not be convicted of first or second degree murder under the 2019 amendments, Perez did not check the box on the form petition stating he was not the actual killer or the box stating he was not a direct aider and abetter who acted with the intent to kill.  He also did not check the box stating he was not a major participant in the felony or did not act with reckless indifference to human life.

On May 20, 2019 the superior court appointed counsel to represent Perez, requested briefing from the parties, and set the matter for a hearing.  The People filed a response, arguing Perez did not qualify for resentencing because the record of conviction demonstrated he acted with malice aforethought as the actual killer.  The People attached the preliminary hearing transcript, preplea report, and plea hearing transcript as exhibits to its response.  Perez filed a reply, but he only presented legal arguments, without identifying any evidence he claimed would have supported a finding he was not the actual killer.

At the August 29, 2019 hearing, the parties submitted on their papers without argument.  On September 6, 2019 the court denied Perez's petition, finding Perez was not entitled to relief as a matter of law.  In its minute order, the superior court found, "The court file reflects that defendant was the actual killer and defendant also admitted the personal use of a deadly weapon in the commission of the offense."

Perez timely appealed.

# DISCUSSION

A.    *Senate Bill 1437*

On September 30, 2018 Senate Bill 1437 (2017-2018 Reg. Sess.) was signed into law, effective January 1, 2019.  Senate Bill 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Sen. Bill 1437 (2017-2018 Reg. Sess.) § 1; see *People v. Verdugo* (2020) 44 Cal.App.5th 320, 325 (*Verdugo*), review granted Mar. 18. 2020, S260493; *People v. Martinez* (2019) 31 Cal.App.5th 719, 723.)

New section 188, subdivision (a)(3), provides, "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime."  Senate Bill 1437 also added section 189, subdivision (e), which provides, "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven:  [¶]  (1)  The person was the actual killer.  [¶]  (2)  The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶]  (3)  The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

6

Senate Bill 1437 provides a procedure in new section 1170.95 for an individual convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder under Senate Bill 1437's changes to sections 188 and 189.  (Sen. Bill 1437 (2017-2018 Reg. Sess.) § 4.)  Section 1170.95, subdivision (b)(1), provides that the petition "shall be filed with the court that sentenced the petitioner."[2]  The petition must include a declaration by the petitioner stating he or she is eligible for relief under the section, providing the superior court case number and year of the conviction, and indicating whether he or she requests the appointment of counsel.  (§ 1170.95, subd. (b)(1).)

The Legislature intended for there to be a three-step evaluation of a section 1170.95 petition.  (*Verdugo, supra*, 44 Cal.App.5th at pp. 328, 332-333.)  As we explained in *Verdugo*, "If any of the required information is missing and cannot be readily ascertained by the court, 'the court may deny the petition without prejudice to the filing of another petition and advise the petitioner that the matter cannot be considered without the missing information.'  (§ 1170.95, subd. (b)(2).)  [¶]  If the petition contains all required information, section 1170.95, subdivision (c), prescribes a two-step process for the court to determine if an order to show cause should issue:  'The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the

---

[2]     Judge Shari K. Silver, who was the sentencing judge, retired in 2013.

7

provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response . . . and the petitioner may file and serve a reply . . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause.'" (*Verdugo*, at p. 327; see *People v. Nguyen* (Aug. 25, 2020, B298575) ___ Cal.App.5th ___ [2020 WL 5015289, at p. *7] (*Nguyen*) [§ 1170.95, subd. (c), provides for two prima facie reviews]; *People v. Torres* (2020) 46 Cal.App.5th 1168, 1177, review granted June 24, 2020, S262011 ["subdivisions (b) and (c) of [section 1170.95] require the trial court to make three separate determinations"]; but see *People v. Cooper* (Sept. 1, 2020, A156880) ___ Cal.App.5th ___ [2020 WL 5175210, at p. *4] [once the trial court determines the petition contains the required information, the court performs a single prima facie review, and if the petitioner makes a prima facie showing of entitlement to relief, the court issues an order to show cause].)

In determining whether the petitioner has made a prima facie showing that he or she is entitled to relief under section 1170.95, subdivision (c), "[t]he trial court should not evaluate the credibility of the petition's assertions, but it need not credit factual assertions that are untrue as a matter of law—for example, a petitioner's assertion that a particular conviction is eligible for relief where the crime is not listed in subdivision (a) of section 1170.95 as eligible for resentencing. Just as in habeas corpus, if the record 'contain[s] facts refuting the allegations made in the petition . . . the court is justified in making a credibility determination adverse to the petitioner.' [Citation.] However, this authority to make determinations without conducting an evidentiary hearing pursuant to section 1170.95,

subd. (d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion . . . ." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980 (*Drayton*); accord, *Nguyen, supra*, ___ Cal.App.5th ___ [2020 WL 5015289, at p. *7].)

After issuing an order to show cause, the superior court must hold a hearing "to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts . . . ." (§ 1170.95, subd. (d)(1).) If a hearing is held, "[t]he prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens." (§ 1170.95, subd. (d)(3); see *People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted Mar. 18, 2020, S260598.)[3] The prosecution has the burden of proving beyond a reasonable doubt the petitioner is ineligible for resentencing. (§ 1170.95, subd. (d)(3).)

B.  *The Superior Court Did Not Err in Denying Perez's Petition Without Issuing an Order To Show Cause*

Perez contends the superior court erred in denying his petition without issuing an order to show cause and holding an

---

[3]  The Supreme Court in *People v. Lewis* limited briefing and argument to the following issues: "(1) May superior courts consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief under Penal Code section 1170.95? (2) When does the right to appointed counsel arise under Penal Code section 1170.95, subdivision (c)[?]" (Supreme Ct. Minutes, Mar. 18, 2020, p. 364; *People v. Lewis, supra*, 43 Cal.App.5th 1128.)

evidentiary hearing. He argues the court should not have considered the preliminary hearing testimony to determine he was the actual killer and could be convicted of first or second degree murder under the 2019 amendments.

"[O]ur analysis of the trial court's order focuses on the trial court's interpretation of section 1170.95(c), and we therefore review its order de novo." (*Drayton, supra*, 47 Cal.App.5th at p. 981; see *ZB, N.A. v. Superior Court* (2019) 8 Cal.5th 175, 188 [questions of statutory interpretation are reviewed de novo].) As discussed, as part of the court's inquiry under section 1170.95, subdivision (c), into whether the petitioner has made a prima facie showing of entitlement to relief, the court may consider the petitioner's record of conviction to determine "'readily ascertainable facts.'" (*Nguyen, supra*, ___ Cal.App.5th at p. ___ [2020 WL 5015289, at pp. *7-*9] [preliminary and plea hearing transcripts demonstrated petitioner pleaded guilty as a direct aider and abettor of second degree murder where he stipulated the factual basis for his guilty plea was the preliminary hearing and there was no testimony at the preliminary hearing about an underlying felony or mention of felony murder or the natural and probable consequences doctrine]; accord, *Drayton*, at p. 980 [Court of Appeal reviewed preliminary hearing transcript and concluded superior court erred in denying petition without evidentiary hearing where transcript showed petitioner was not the actual shooter and there was no finding he was a major participant in the underlying robbery or acted with reckless indifference to human life].)[4]

---

[4] The petitioner in *Drayton* did not argue in response to the prosecutor's opposition that the trial court should not consider

10

The preliminary hearing transcript is part of the record of conviction. At the preliminary hearing, testimony is presented, and a magistrate makes a finding whether there is probable cause to conclude the defendant has committed the offense charged. (§ 872 [defendant is held to answer to complaint upon finding by magistrate "there is sufficient cause to believe that the defendant is guilty"]; *Galindo v. Superior Court* (2010) 50 Cal.4th 1, 8 ["The purpose of the preliminary hearing is to determine whether there is probable cause to conclude that the defendant has committed the offense charged. [Citations.] Probable cause exists if a person "'"of ordinary caution or prudence would be led to believe and conscientiously entertain a strong suspicion"'"' that the defendant committed the crime."]; *People v. Posey* (2004) 32 Cal.4th 193, 206 ["In deciding whether to dismiss a criminal action for lack of probable cause to believe the defendant has committed the crime charged, the court similarly determines whether there exists 'such a state of facts as would lead a

___

the preliminary hearing transcript, instead asserting the court should issue an order to show cause because he was convicted on a theory of felony murder (which was undisputed) and the facts showed he did not act with reckless indifference to human life during the underlying robbery because he never fired his gun, and he tried to stop the robbery but was afraid because one of his coparticipants pointed a gun at him. (*Drayton, supra,* 47 Cal.App.5th at pp. 970-971.) The *Drayton* court "express[ed] no opinion whether it is appropriate for the trial court to substantively analyze documents from the trial court record rather than using them solely to ascertain basic facts, such as the crime of conviction, when assessing the petition's prima facie showing of eligibility under section 1170.95(c)." (*Drayton*, at p. 976, fn. 6.)

11

[person] of ordinary caution or prudence to believe and conscientiously entertain a strong suspicion of the [defendant's] guilt' [citation]."].)

We recognize that unless a defendant or his or her counsel stipulates to a factual basis for a plea based on the preliminary hearing transcript, as in *Nguyen, supra*, ___ Cal.App.5th ___ [2020 WL 5015289, at page *7], the magistrate's finding of probable cause at the preliminary hearing does not have the evidentiary weight of a jury's finding of guilt at trial. As the Supreme Court explained in *People v. Slaughter* (1984) 35 Cal.3d 629, 637, "'Within the framework of his limited role, . . . the magistrate may weigh the evidence, resolve conflicts, and give or withhold credence to particular witnesses. [Citation.] In other words, in assisting him in his determination of "sufficient cause," the magistrate is entitled to perform adjudicatory functions akin to the functions of a trial judge. Yet the proceeding is not a trial, and if the magistrate forms a personal opinion regarding the guilt or innocence of the accused, that opinion is of no legal significance whatever in view of the limited nature of the proceedings.'"

But that does not mean the trial court cannot consider the preliminary hearing testimony in determining as part of its second prima facie review under section 1170.95, subdivision (c), whether the petitioner has made a prima facie showing he or she is entitled to relief and an order to show cause should issue. Perez's position that the trial court should not consider the preliminary hearing transcript in deciding whether to issue an order to show cause where the petitioner is found guilty pursuant to a negotiated plea would render meaningless the second step of the prima facie review because the petitioner's averment in the

petition that he or she falls within the statute—by stating (1) the information allowed the prosecution to proceed under a theory of felony murder or the natural and probable consequences doctrine; (2) he or she pleaded guilty or no contest to first or second degree murder in lieu of going to trial on the belief he or she could have been convicted of first or second degree murder at trial under one of those theories; and (3) he or she could not now be convicted of first or second degree murder because of changes to sections 188 and 189—would in most cases necessarily mean the petitioner has made a prima facie case of entitlement to relief.

We do not read the statute so narrowly. Rather, as part of the second step of the trial court's prima facie review under section 1170.95, subdivision (c), the court may consider the testimony presented at the preliminary hearing, but the petitioner has an opportunity to present contrary evidence or make an offer of proof of evidence the petitioner could present at an evidentiary hearing to show he or she is entitled to relief. This could include an offer of proof of conflicting testimony or other evidence the petitioner could present or of discussions on the record showing the prosecutor intended to proceed on an alternative theory of aider and abettor liability under the felony murder or natural and probable consequences doctrine.

Here, the information charged Perez with first degree murder with malice aforethought. He was not charged with an underlying crime, nor was there any discussion on the record that suggested the People intended to proceed on a theory of liability other than that Perez was the actual killer. Further, Perez did not make an offer of proof he could present testimony or other evidence to show he was not the actual killer. He likewise admitted he had personally used a weapon in the commission of

13

the murder but failed to make a showing (or offer of proof) that this admission was based on a theory other than that his use of the hammer repeatedly to strike Morales led to her death.

The superior court therefore did not err in determining based on the record of conviction, including the preliminary hearing testimony, that Perez failed to make a prima facie showing he was entitled to relief under section 1170.95, subdivision (c). The evidence adduced at the preliminary hearing—that Perez killed his wife by repeatedly and forcefully striking her in the back of her head with a hammer—shows Perez pleaded no contest to the murder based on a theory he was the actual killer.

Perez's averments—that (1) he pleaded no contest to second degree murder in lieu of going to trial because he believed he could have been convicted at trial under the felony murder rule or the natural and probable consequences doctrine, and (2) he could not now be convicted of second degree murder under the 2019 amendments—are inconsistent with the record of conviction and were properly rejected by the superior court. Moreover, Perez did not aver in his petition he was not the actual killer, and he failed to identify in his reply (or on appeal) a factual scenario under which he was not the actual killer.

Perez acknowledges the superior court was not required to accept as true averments in Perez's declaration that were contradicted by readily ascertainable facts from the record of conviction, but he contends the superior court's reliance on the preliminary hearing testimony violated his Sixth Amendment right to a jury trial by increasing his punishment based on facts never found by the jury (that he was the actual killer), relying on *People v. Gallardo* (2017) 4 Cal.5th 120 (*Gallardo*).

14

Perez's reliance on *Gallardo* is misplaced. The Supreme Court in *Gallardo* held a trial court may not rely on the preliminary hearing transcript to determine the nature of the defendant's prior conviction for purposes of sentencing where the record of conviction did not show whether the defendant's conviction under former section 245, subdivision (a)(1), was of assault with a deadly weapon or assault with force likely to produce great bodily injury. (*Gallardo, supra*, 4 Cal.5th at p. 137.) The defendant had pleaded guilty to the prior assault, but she did not admit whether she had used a deadly weapon. (*Ibid*.) The Supreme Court held the trial court had engaged in improper judicial factfinding in violation of the Sixth Amendment, explaining, "Because the relevant facts were neither found by a jury nor admitted by defendant when entering her guilty plea, they could not serve as the basis for defendant's increased sentence here." (*Id*. at pp. 136-137.)

In contrast to the sentencing at issue in *Gallardo*, "the retroactive relief [petitioners] are afforded by Senate Bill 1437 is not subject to Sixth Amendment analysis. Rather, the Legislature's changes constituted an act of lenity that does not implicate [the petitioners'] Sixth Amendment rights." (*People v. Anthony* (2019) 32 Cal.App.5th 1102, 1156 [rejecting petitioners' argument failure to consider § 1170.95 petition on direct appeal violated constitutional right to a jury trial]; accord, *People v. Perez* (2018) 4 Cal.5th 1055, 1063-1064 [trial court may make factual findings based on new evidence regarding a petitioner's eligibility for resentencing under Proposition 36, as approved by voters, Gen. Elec. (Nov. 6, 2012), because retroactive application of the benefits from the proposition are a legislative act of lenity that does not implicate Sixth Amendment rights]; see *Dillon v.*

*U.S.* (2010) 560 U.S. 817, 828 [federal sentence modification scheme authorizing district courts to reduce otherwise final sentences "represents a congressional act of lenity" that "do[es] not implicate the Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt"].)[5]

Because Senate Bill 1437 is not subject to a Sixth Amendment analysis, *Gallardo* did not prohibit the superior court from considering the preliminary hearing transcript as part of Perez's record of conviction in evaluating whether Perez had made a prima facie showing he was entitled to relief under section 1170.95, subdivision (c).

## DISPOSITION

The order denying Perez's petition for resentencing is affirmed.

FEUER, J.

We concur:

PERLUSS, P. J.          SEGAL, J.

---

[5] Because we conclude the superior court appropriately relied on the preliminary hearing transcript in denying Perez's petition, we do not reach Perez's contention the superior court also erred in relying on the probation report.