Filed 10/20/23  P. v. Padilla CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>FRANCISCO MANUEL PADILLA,<br><br>Defendant and Appellant. | F085064<br><br>(Super. Ct. No. VCF300758C)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Tulare County.  Melinda Myrle Reed, Judge.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Clifford E. Zall, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

In 2018, Francisco Manuel Padilla (defendant) pleaded no contest to first degree murder.  The plea was entered with notice of the People's reliance on the provocative act doctrine, which applies when an accomplice is killed by someone acting with privileged

lethal force—typically a crime victim or a police officer.  Defendant later moved to withdraw his plea, which delayed the entry of judgment until May 2019.

In January 2019, by enactment of Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) the natural and probable consequences doctrine was abrogated in the context of aiding and abetting liability for murder.  (*People v. Lewis* (2021) 11 Cal.5th 952, 957.)  Senate Bill 1437 also limited the scope of California's felony-murder rule.  (*Lewis*, at p. 957.)  Although defendant filed an appeal challenging the denial of his motion to withdraw his plea, he raised no issues regarding Senate Bill 1437 or the factual basis for his plea.  The judgment of conviction was affirmed by this court in *People v. Padilla* (Jan. 6, 2022, F079471) (nonpub. opn.) (*Padilla I*).

Senate Bill 1437 further authorized retroactive relief for defendants previously convicted of murder based on the natural and probable consequences doctrine or the felony-murder rule.  Originally set forth in Penal Code former section 1170.95, and now in section 1172.6, the statutory procedure allows eligible defendants to file a petition for resentencing.  (All undesignated statutory references are to the Penal Code.)  Defendant filed such a petition, and it was denied for failure to make a prima facie showing of eligibility.  Defendant now appeals from the order denying his petition.

Appellate courts have uniformly held that Senate Bill 1437 made no changes in the law affecting the validity of the provocative act doctrine.  Defendant does not disagree with those holdings.  Instead, he denies the provocative act doctrine is applicable to the facts of his case.  As the People correctly observe, defendant's claim is merely a belated attempt to challenge the factual basis for his plea.  We affirm the order denying his petition.

## FACTUAL AND PROCEDURAL BACKGROUND

### *The People's Request for Judicial Notice*

The People have requested judicial notice of the preliminary hearing transcript and the probation report from the record in *Padilla I.*  Defendant opposes any consideration

2.

of the probation report, but he does not object to judicial notice of the preliminary hearing transcript. Indeed, the claim he asserts is based on certain evidence in the preliminary hearing transcript.

We hereby grant the unopposed request for judicial notice of the preliminary hearing transcript. Judicial notice of the probation report is unnecessary, and that part of the People's request is denied. On our own motion, we take judicial notice of this court's opinion in *Padilla I* and of the People's trial brief as found in the *Padilla I* clerk's transcript. (Evid. Code, §§ 451, subd. (a), 452, subd. (d).)

The California Supreme Court is presently considering the extent to which a sentencing court can rely on a preliminary hearing transcript in ruling on a defendant's prima facie showing under section 1172.6. (See *People v. Patton* (2023) 89 Cal.App.5th 649, 658, rev. granted June 28, 2023, S279670.) That issue is not implicated here. The only fact of material consequence in the preliminary hearing transcript is one defendant affirmatively concedes to be true: his murder conviction was/is based on the death of an alleged accomplice and not a crime victim.

### Factual Background

A summary of the underlying events is provided in *Padilla I*. For purposes of this appeal, the relevant facts are as follows:

On May 27, 2014, a group of people that included Victor Hernandez DeHaro (DeHaro) forcibly entered a home occupied by four residents (the victims). One of the residents exchanged gunfire with the intruders, which resulted in DeHaro's death. Defendant has previously stipulated to the fact DeHaro died from a gunshot wound. Defendant's opening brief acknowledges "[t]he entry into the victims' home appears to have been a burglary and an attempted robbery."

### Procedural Background

In September 2016, the Tulare County District Attorney filed an amended information jointly charging defendant and two codefendants with murder based on the

3.

killing of DeHaro (§ 187, subd. (a); count 1) and with attempted premeditated murder of the four victims (§§ 187, 664; counts 2–5).  They were also charged with discharging a firearm into an inhabited dwelling (§ 246; count 6); attempted home invasion robbery (§§ 211, 213, subd. (a)(1)(A), 664; count 7); assault with a semiautomatic firearm (§ 245, subd. (b); count 8); and first degree burglary (§ 459; count 9).

Count 1 alleged the murder occurred during the commission or attempted commission of robbery and/or burglary.  (§ 190.2, subd. (a)(17)(A), (G).)  Gang and firearm enhancement allegations were included in all counts.  The attempted murder counts were alleged to be gang related such that each offense was punishable by a prison term of 15 years to life.  (§ 186.22, subd. (b)(5).)  Defendant was further alleged to have suffered a prior strike and prior serious felony conviction.  (§§ 667, subds. (a)(1), (b)–(i), 1170.12.)

Defendant pleaded not guilty to all charges.  Due to series of delays, the case did not go to trial until August 2018.  On August 16, 2018, the People filed a trial brief containing a nine-page discussion about the provocative act doctrine.  Within this discussion, it was alleged the trial evidence would "establish that the conduct of the defendants and their counterparts fall[s] within the provocative act murder doctrine and thus the murder charge related to the death of their accomplice should be decided by the jury under this legal doctrine."  It was further alleged "the conduct engaged in by the defendants and other surviving accomplices, in conjunction with at least one necessary provocative act that was committed by one of the perpetrators beyond the decedent, establish their criminal liability for the death of their accomplice under the provocative murder act doctrine such that it is an issue for the jury to decide."  According to an attached proof of service, the trial brief was served upon all defense counsel.

On August 22, 2018, defendant accepted a plea offer.  The plea deal included the resolution of a separate case.  While awaiting trial, defendant had been charged in Tulare

Superior Court case No. VCF356923A (VCF356923A) with possession of a weapon in a penal institution (§ 4502, subd. (a)).

Defendant entered pleas of no contest to counts 1, 2, 3, 4, and 5, as well as to the charge in VCF356923A. He stipulated to a factual basis for the pleas based on the preliminary hearing transcript and "police reports." Defendant admitted, by a response of "no contest," that the murder alleged in count 1 "was willful, deliberate, and premeditated." He also admitted the truth of the relevant gang and firearm enhancement allegations. Pursuant to the terms of the plea agreement, counts 6, 7, 8, and 9, as well as the special circumstance allegations for count 1, were to be dismissed at the time of sentencing.

The trial court stated its intention to dismiss the prior strike and prior serious felony conviction allegations. Accordingly, defendant was not asked to admit the truth of those allegations. The trial court found defendant's pleas were "freely and voluntarily made with an understanding of the nature of the charges [and] consequences of the plea." The matter was then "referred to Probation with an indicated sentence of 25-years-to-life."

In June 2019, following delays partially caused by defendant's unsuccessful motions to withdraw his pleas and discharge his appointed counsel (see *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*)), defendant was sentenced according to the plea agreement. The trial court imposed a prison sentence of 25 years to life for the conviction of first degree murder. Concurrent sentences of 15 years to life were imposed for the convictions of attempted murder. A concurrent two-year sentence (the mitigated term) was imposed for the conviction in VCF356923A. Punishment for the enhancements was stayed.

Defendant's appeal in *Padilla I* challenged the denial of his *Marsden* motions and the motion to withdraw his pleas. Those claims generally focused on a vague and belatedly alleged alibi that was never substantiated. No claims were made concerning the

5.

factual basis for defendant's pleas.  The judgment was affirmed, and the remittitur issued on March 18, 2022.

On May 3, 2022, defendant filed a form petition for resentencing pursuant to former section 1170.95.  He checked boxes on the form to allege (1) the charging document in his case "allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine"; (2) he was "convicted of murder, attempted murder, or manslaughter following a trial or [he] accepted a plea offer in lieu of a trial at which [he] could have been convicted of murder or attempted murder," and (3) "[he] could not presently be convicted of murder or attempted murder because of changes made to … §§ 188 and 189, effective January 1, 2019."  (Boldface and underscoring omitted.)  Defendant also checked a box to request the appointment of counsel.

On May 5, 2022, the sentencing court issued an order appointing counsel to represent defendant and setting a hearing for August 9, 2022.  On July 29, 2022, the People filed an opposition brief.  The brief correctly noted the sentencing court's ability to "use of the record of conviction, including the appellate opinion of the case, to assist the court with determining if the facts alleged in the … petition are refuted."[1]  The People argued defendant was ineligible for relief under section 1172.6 because his murder conviction was based on the death of an accomplice and a theory of provocative act murder.

Section 1172.6, subdivision (c), allows a defendant to file a reply in support of the petition for resentencing.  The record shows no response by defendant to the People's

---

[1]The quoted language is from the People's brief.  The supporting authority is *People v. Lewis*, *supra*, 11 Cal.5th at pages 971–972.  (See further discussion, *post*.)

opposition brief. The petition was heard as scheduled, at which time the sentencing court advised, "My tentative ruling is to find that defendant has not met his burden under the code and deny [the petition] as to Count 1 … because there is no prima facie showing of eligibility based on the Provocative Act Doctrine. [¶] … [¶] However, it is apparent that there is a prima facie [showing] as to Counts 2 through 5 …." Defense counsel did not object or argue in opposition to any part of the tentative ruling.[2]

The sentencing court adopted its tentative ruling as to count 1. A prima facie showing was found as to the attempted murder convictions, and an evidentiary hearing was scheduled for that part of the petition. On September 14, 2022, the People moved to dismiss counts 2–5, and the motion was granted. Two weeks later, defendant filed a notice of appeal regarding count 1.

## DISCUSSION

### I. Legal Overview

Prior to the enactment of Senate Bill 1437, "both the felony-murder rule and the natural and probable consequences doctrine provided theories under which a defendant could be found guilty of murder without proof of malice." (*People v. Lee* (2020) 49 Cal.App.5th 254, 260.) "A primary purpose of Senate Bill 1437 was to align a person's culpability for murder with his or her mens rea. [Citation.] To effectuate that purpose, Senate Bill 1437 amended … section 188 to state that '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.'" (*People v. Roldan* (2020) 56 Cal.App.5th 997, 1002–1003.)

---

[2]The reporter's transcript attributes an additional statement to the sentencing court regarding count 1: "[T]he victim was shot and killed by defendant's co-defendant as both sides know." We are at a loss to explain what this means. To our knowledge, there is no allegation or evidence of any true victims in this case dying. If by "victim" the court meant DeHaro, we are not aware of any allegation or evidence of DeHaro being killed by "defendant's co-defendant." It appears the court simply misspoke.

"Under the old felony-murder doctrine, a defendant was liable for first degree murder if their confederate killed someone while they (the defendant) participated in the commission or attempted commission of a qualifying felony.  [Citation.]  The necessary mental state was simply the intent to commit a qualifying felony.  … [P]ut differently, malice was *imputed* to the participant based on their willingness to commit a felony our Legislature deemed '"inherently dangerous to human life."'"  (*People v. Lopez* (2023) 88 Cal.App.5th 566, 574.)

"Under the natural and probable consequences doctrine as it existed before Senate Bill 1437, a person could be held liable not only for the crime they intend to commit with their confederate (the target crime), but also for any other offense (nontarget crime)—including murder—'committed by the confederate as a "natural and probable consequence" of the crime originally aided and abetted.'"  (*People v. Lopez, supra*, 88 Cal.App.5th at pp. 574–575.)  "[T]he necessary mental state was simply the intent to aid and abet an accomplice in the commission of a criminal act that, 'judged objectively,' would 'naturally, probably, and foreseeably result in a murder.'  [Citation.]  Like the old felony-murder rule, malice was imputed based on the defendant's willingness to participate in a crime."  (*Id*. at p. 575.)

As discussed, Senate Bill 1437 "eliminated natural and probable consequences liability for murder as it applies to aiding and abetting, and limited the scope of the felony-murder rule."  (*People v. Lewis, supra*, 11 Cal.5th at p. 957.)  "Senate Bill 1437 also created a special procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended."  (*People v. Strong* (2022) 13 Cal.5th 698, 708.)  "[T]he process begins with the filing of a petition containing a declaration that all requirements for eligibility are met."  (*Ibid*.)  Those requirements are set forth in section 1172.6, subdivision (a):

> "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony

8.

murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder.

"(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."

A facially sufficient petition does not automatically satisfy the petitioner's initial burden. "When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.'" (*People v. Strong*, *supra*, 13 Cal.5th at p. 708, quoting § 1172.6, subd. (c).) "If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition. [Citation.] If, instead, the defendant has made a prima facie showing of entitlement to relief, 'the court shall issue an order to show cause.'" (*Ibid*.) "Within 60 days after the order to show cause has issued, the court shall hold a hearing to determine whether to vacate the murder, attempted murder, or manslaughter conviction and to recall the sentence and resentence the petitioner …." (§ 1172.6, subd. (d)(1).)

"The record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*People v. Lewis*, *supra*, 11 Cal.5th at p. 971.) Appellate opinions in the petitioner's underlying case "are generally considered to be part of the record of conviction." (*Id*. at p. 972.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Ibid*.) "'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations

made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."" [3] (*Id*. at p. 971.)

## II.     The Provocative Act Doctrine

"When someone other than the defendant or an accomplice kills during the commission or attempted commission of a crime, the defendant is not liable under felony-murder principles but may nevertheless be prosecuted for murder under the *provocative act* doctrine." (*People v. Gonzalez* (2012) 54 Cal.4th 643, 654.)  This theory of liability "requires proof that the defendant personally harbored the mental state of malice, and either the defendant or an accomplice intentionally committed a provocative act that proximately caused an unlawful killing." (*Id*. at p. 655.)  "When the defendant or surviving accomplice acts in such a manner and the third party kills in response, the provocateur can be said to have proximately caused the resulting death notwithstanding the intervening use of deadly force by the third party." (*People v. Mejia* (2012) 211 Cal.App.4th 586, 603.)

"To satisfy the actus reus element of murder, an act of either the defendant *or an accomplice* must be the proximate cause of death." (*People v. Concha* (2009) 47 Cal.4th 653, 660.)  Under the provocative act doctrine, the actus reus is conduct sufficiently provocative of a lethal response by the crime victim or a third party to support a finding of malice.  (*People v. Garcia* (1999) 69 Cal.App.4th 1324, 1329.)  "The classic provocative act scenario occurs when a perpetrator of the underlying crime instigates a gun battle, usually by firing first, and a police officer, or victim of the underlying crime,

---

[3]*People v. Lewis*, *supra*, 11 Cal.5th 952, resolved issues arising under former section 1170.95, including whether sentencing courts were allowed to "consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief." (*Lewis*, at p. 957.)  "The answer [was] yes." (*Id*. at p. 970.)  The Legislature subsequently "amended [former] section 1170.95 to adopt certain of *Lewis*'s holdings[,] … [and] later renumbered the provision [as section 1172.6] without substantive change, effective June 30, 2022.  (Stats. 2022, ch. 58, § 10.)" (*People v. Strong*, *supra*, 13 Cal.5th at p. 708, fn. 2.)

responds with privileged lethal force by returning fire ….'" (*People v. Mejia*, *supra*, 211 Cal.App.4th at pp. 602–603.)  However, the provocative act doctrine "applies to *any* conduct that is '"fraught with grave and inherent danger to human life"' so as to show a conscious disregard for human life." (*People v. Lima* (2004) 118 Cal.App.4th 259, 266.)

"*Unlike felony murder or murder under the natural and probable consequences doctrine*, '[a] murder conviction under the provocative act doctrine … requires proof that the defendant personally harbored the mental state of malice.'" (*People v. Lee*, *supra*, 49 Cal.App.5th at p. 264, italics added, quoting *People v. Gonzalez*, *supra*, 54 Cal.4th at p. 655.)  "In order to return a first degree murder conviction, the jury must find that the defendant acted with express malice formed after deliberation and premeditation." (*Gonzalez*, at p. 655, fn. 9; accord, *People v. Concha*, *supra*, 47 Cal.4th at p. 662.) "[W]here malice is merely implied from the defendant's conduct, the defendant is liable only for second degree murder."[4] (*Concha*, at p. 663.)

"For good reason, the argument provocative act murder is properly understood as a subset of the natural and probable consequences doctrine for purposes of Senate Bill 1437 … has been rejected by every court of appeal that has considered it." (*People v. Mancilla* (2021) 67 Cal.App.5th 854, 867.)  Because the provocative act doctrine requires a defendant to personally harbor malice, it remains a viable theory of murder liability. (*People v. Antonelli* (2023) 93 Cal.App.5th 712, 721, rev. granted Oct. 18, 2023, S281599; accord, *People v. Swanson* (2020) 57 Cal.App.5th 604, 608; *People v. Johnson* (2020) 57 Cal.App.5th 257, 261; *People v. Roldan*, *supra*, 56 Cal.App.5th at pp. 1004–1005; *People v. Lee*, *supra*, 49 Cal.App.5th at pp. 263–267.)  Therefore, a defendant convicted of provocative act murder is ineligible for relief under section 1172.6 *as a matter of law*. (*Antonelli*, *supra*, at p. 715.)

---

[4]Here, defendant's admission during the plea colloquy that count 1 was "committed willfully, deliberately, and with premeditation" is what allowed him to be convicted of first degree murder.

11.

## III. Defendant Failed to Meet His Prima Facia Burden

Defendant was not represented when he filed his form petition for relief. Counsel was appointed to represent him before the People filed their opposition brief. Defendant's appointed counsel did not dispute the People's assertion that count 1 was based on the provocative act doctrine. "We can thus assess [defendant's] prima facie showing without 'engag[ing] in "factfinding involving the weighing of evidence"' or making any credibility determinations …, because [defendant] offered no evidence to weigh, and did not dispute the evidence the [People] submitted." (*People v. Pickett* (2023) 93 Cal.App.5th 982, 990, rev. granted Oct. 11, 2023, S281643, quoting *People v. Lewis*, *supra*, 11 Cal.5th at p. 972.)

"Under these circumstances, where the defendant alleges no facts concerning the murder to which he pleaded guilty, the People introduce without objection uncontroverted evidence [of the defendant's ineligibility], and the defendant does not put forth, by way of briefing or oral argument, any factual or legal theory in support of his petition, the defendant has failed to make a prima facie showing for relief under section 1172.6." (*People v. Pickett*, *supra*, 93 Cal.App.5th at p. 990, rev. granted.)

The *Padilla I* opinion includes a footnote discussing the People's trial brief and the provocative act doctrine. The opinion is part of the record of conviction, and the sentencing court was able to rely upon it to verify the People's underlying theory of liability. (See *People v. Lewis*, *supra*, 11 Cal.5th at p. 972.) Doing so would not have entailed "'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Ibid.*) The People's reliance on the provocative act doctrine was/is an irrefutable aspect of the procedural history. Nor did the sentencing court need to engage in judicial factfinding to rely on the *undisputed* circumstance that count 1 was based on the killing of an alleged accomplice.

Defendant contends that if he could show an insufficient factual basis for the provocative act theory of liability, it would mean the People must have relied on a felony-

12.

murder theory or the natural and probable consequences doctrine. This non sequitur argument fails for multiple reasons. First, the People indisputably *did* rely on the provocative act doctrine in the underlying prosecution. Second, provocative act murder was the *only* viable theory upon which defendant's plea and conviction could have been based.

"The provocative act doctrine is to be distinguished from the felony-murder rule." (*People v. Gonzalez*, *supra*, 54 Cal.4th at p. 654.) It is well established the felony-murder rule does not apply when an accomplice is killed by a crime victim rather than by a criminal perpetrator. (E.g., *People v. Washington* (1965) 62 Cal.2d 777, 781 ["When a killing is not committed by a robber or by his accomplice but by his victim, malice aforethought is not attributable to the robber, for the killing is not committed by him in the perpetration or attempt to perpetrate robbery"].) Put differently, "the felony-murder rule can be invoked only when the defendant or an accomplice actually commits the killing." (*People v. Concha*, *supra*, 47 Cal.4th at p. 661, fn. 2.) If the lethal act was not committed by the defendant or an accomplice, the felony-murder rule does not apply. (*Gonzalez*, at p. 654.) Since it was undisputed the decedent, DeHaro, was not killed by criminal perpetrators, count 1 could not have been based on a theory of felony murder.

As for the natural and probable consequences doctrine, the killing of a perpetrator by a victim acting in self-defense is not a nontarget crime; it is not a crime at all. (See § 198.5 ["Any person using force intended or likely to cause death or great bodily injury within his or her residence [against an intruder] shall be presumed to have held a reasonable fear of imminent peril of death or great bodily injury to self, family, or a member of the household"].) Furthermore, in *People v. Chiu* (2014) 59 Cal.4th 155, the California Supreme Court held "that a defendant cannot be convicted of first degree premeditated murder under the natural and probable consequences doctrine." (*Id*. at p. 167.) In other words, when defendant was charged and pleaded no contest in this case (which postdated *Chiu* but predated Senate Bill 1437), the natural and probable

13.

consequences doctrine was not a viable theory of first degree murder liability. Therefore, defendant's count 1 conviction could not have been based on the natural and probable consequences doctrine.

In summary, defendant's plea to the charge of first degree murder was entered after he was served with the People's trial brief. The trial brief comprehensively explained the People's reliance on the provocative act doctrine, and it alleged the trial evidence would show "at least one necessary provocative act that was committed by one of the perpetrators beyond the decedent," i.e., by someone other than DeHaro. A guilty plea "serves as a stipulation that the People need introduce no proof whatever to support the accusation: the plea ipso facto supplies both evidence and verdict." (*People v. Chadd* (1981) 28 Cal.3d 739, 748.) A plea of nolo contendere (no contest) has the same legal effect: it admits every element of the charged offense. (§ 1016, subd. 3; *People v. Wallace* (2004) 33 Cal.4th 738, 749.)

The time for defendant to dispute the factual basis for his plea has long since passed. He moved to withdraw his plea prior to the entry of judgment but raised no issues regarding the factual basis. He obtained a certificate of probable cause in *Padilla I* and could have disputed the factual basis at that time (see *People v. Hoffard* (1995) 10 Cal.4th 1170, 1173–1174), but he did not.

"Section 1172.6 does not create a right to a second appeal, and [defendant] cannot use it to resurrect a claim that should have been raised in his [2019] direct appeal." (*People v. Burns* (2023) 95 Cal.App.5th 862, 865.) "The mere filing of a section [1172.6] petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the [conviction]. To the contrary, '[n]othing in the language of section [1172.6] suggests it was intended to provide redress for allegedly erroneous prior factfinding.'" (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947; see *People v. Strong, supra*, 13 Cal.5th at p. 715 ["Had the Legislature intended to permit wholesale relitigation of findings supporting murder

14.

convictions in the context of section 1172.6 resentencing, we expect it would have said so more plainly"].)

## DISPOSITION

The challenged order is affirmed.

PEÑA, J

WE CONCUR:

DETJEN, Acting P. J.

FRANSON, J.

15.